*480 OPINION of the Court, by
Judge Qwsusy.
This was an ejectment brought by Barnett in the court below to recover the possession of a tract of land lying in Bourbon county.
The appellants were admitted defendants in that court, and upon the trial of the general issue judgment was obtained against them.
Part of the appellants appear to he infants under the age of 21, and it is assigned for error that the court erred in proceeding to trial without previously appointing a guardian to defend for them.
This assignment must have been made upon a misconception of the record: for although not strictly formal, the record does substantially contain an appointment of guardians.
It is also assigned for error, that the court erred in permitting the appellee Barnett to amend the date of the demise laid in his declaration.
The demise, as first laid, appears to have been of a date anterior to the accrual of Barnett’s title; and after the appellants had filed their plea, but before tidal, the court, upon the production of the deed under which Barnett claimed, permitted the amendment, so as to make the demise subsequent to the date of the deed.
In permitting the amendment we think the court acted strictly correct. Even after issue joined, the court most clearly retained a discretionary power to allow *481 amendments j and ¾⅛⅜⅜ discnetion, we apprehend, was In the present instance properly exercised. ,
The title of Barnett, as it accrued subsequent to the date of the demise laid in the declaration, certainly could not, according to the settled doctrine of the law, have been fully tried without an •amendment: and as the demise is but a fiction, adopted for the purpose of trying the title, it was proper in the court by amendment so to mould the demise as to attain a fair and full trial of the title.
During the progress of the cause in the court below, the appellants obtained a commission and took the dépo-sition of a witness de bene esse ; and on the trial the deposition containing the cross interrogatories of Barnett being in court, lie offered it in evidence to the jury, but against its admission the appellants objected, because it had been taken at their instance ,• and they have now assigned for error, that the court erred in allowing the deposition to he used.
We are unable to perceive any solid objection against the admission of the evidence. The appellants had every opportunity of a cross examination of the witness, and to require of Barnett again to take the deposition, would, without conducing in anywise to the purposes of justice, tend to an useless waste of time, arid an unnecessary accumulation of cost.
Objections were made on the trial to the authentication and proof of the will of Thomas Gist, under which Barnett derives his title ; but we are of opinion the record of the county court of Bourbon is amply sufficient to obviate every objection. From that record the will1 of Gist appears to have been regularly proved and admitted to record in the proper court of Pennsylvania where lie died, and a copy thereof, regularly authenticated, and after being properly proved, was also admitted to record in the county court of Bourbon. Thesé facts, thus proven by the record of the county court, Were clearly, according to the laws of this country* sufficient proof of the authenticity and execution of tltó will. '
Judgment affirmed.