Judge Marshall
delivered the Opinion of the Court.
In this action of ejectment, the evidence conduced to establish such a relation between the lessor of the plaintiff and the defendant, as required a demand of the possession, or a notice to quit, before the lessor had a right to enter on the land in contest. And conceding the sufficiency of the notice (which however is not entirely clear,) the principal question in the case, is, whether the plaintiff is entitled to recover on a demise bearing date before the day on which the defendant is required by the notice to quit the possession, that is, before the lessor’s right of entry accrued.
Although the demise in a declaration in ejectment is generally a fiction, it is necessary that it should conform to the lessor’s, title, and that, it should appear, w’hen compared with the proof, to be such as the lessor or lessors had a right to make. It has been often decided, that even the date of the demise is so far material that, if it appear to be prior to the accrual of the lessor’s title, the plaintiff cannot recover. Rogers vs. Barnett, 4 Bibb, 480; Coxe vs. Joiner, 3 Bibb, 297; Anderson vs. Turner &c. 3 Marsh. 131. Considering that it is the title of entry which is the subject of enquiry in the action, and gives to the lessee the right of possession which he seeks to establish, these cases might be regarded as substantially deciding the present question. But there are others in which it has been more directly laid down, that there must be a right of entry in the lessor at the date of the demise. Marshall vs. Dupuy, 4 J. J. Marsh. Rep. 388; Harle vs. M'Coy, 7 J. J. M. 318; 3 Mon. 221; 5 Mon. 124. The same rule is asserted in Adams' treatise on Ejectment, 189; and seems to have been maintained by *228 the Supreme Court of New York. Dickerson vs. JacKson, 6 Cowen's Rep. 147.
In the case of Dickerson vs. Jackson, (ubi supra) it is said that, in an action by a mortgagee against a mortgagor, the demise must be laid, subsequent to a dissolution of the. tenancy (or quasi tenancy) by notice to quit or otherwise. And in the case of Harle vs. M'Coy, 7 J. J. M. 318, this Court,’ without positively deciding, express the opinion, supported by a reference to authorities, that a purchaser of land, entering under an executory contract, cannot be evicted in an action of ejecú Bient by his vendor, without a notice to quit,, or a. demand of possession, prior to the date of the demise, unless he shall have done something which by operation of law, makes his possession tortious.
Upon consideration of these authorities, and on our •own view of the principles which govern the pleadings and proof in the action of ejectment, we are of opinion, that the plaintiff cannot recover upon a demise prior in date to the accrual of his right of entry. If there were no other reason for adhering to this rule the fact that,; after a recovery in ejectment, the demise laid in the declaration is conclusive against the defendant, in an action for mesne profits, would be sufficient.
The opinions of the Circuit Court, in giving and refusing instructions on this subject, being entirely inconsistent with that here advanced, must be pronounced to. be erroneous. Wherefore, without noticing other questions in the record, the judgment is reversed, and the causelremanded for a new trial on principles not inconsistent with this opinion.