10  109
46a 552

GREENE vs. CHICKERING & McKAY.

1. A deposition taken by one party to a suit, when filed, may be read by the other, in evidence; and any objection to such deposition which the party against whom the deposition was taken, would be bound to make before trial, must equally be made by the party taking the same, if he object to its reading.

2. The declarations of an agent at the time of selling property, tending to shew that he claimed and sold the property as his own, are competent evidence on behalf of a purchaser from such agent, to shew the title in such agent—and the purchaser will be entitled to set off any debt due him from such agent.

3. Such defence may be made under the general issue.

## APPEAL from the St. Louis Circuit Court.

FIELD *for Appellant.*

I. As to the exclusion of Floyd's deposition. This deposition was taken on the part of the plaintiffs. Both parties appeared at the examination, and no objection was made on either side to the commission, nor was any objection taken afterwards, till the moment when the deposition was offered on the trial.

1st. The action of the parties under the commission, was a waiver of its irregularity. Dawson vs. Tibbs, 4 Yeates' Rep., 349. In that case the commission issued without an order of Court, but the parties had acted under it, and the Court held the irregularity waived. See also Hall vs. Lay, 2 Ala. Rep., 529.

2nd. Particularly, the plaintiffs who sued out the commission, ought not to be allowed to set up an irregularity in it, to exclude testimony taken by themselves under it.

3rd. The rule of the Court required the objection to be taken before the trial. The object of the rule was to prevent surprise, and this object was wholly defeated by the decision of the Court.

4th. The case was such, that the defendant must of necessity have been surprised in fact;—and a verdict obtained in that way on incompetent evidence, ought to have been set aside.

That the agent under the circumstances disclosed in Floyd's deposition, was not a competent witness. See Theobald's Prin'l and Agt., 320.

II. As to the exclusion of evidence of Trenchery's declarations.

The defendant claimed the benefit of a set off against Trenchery, and to let in this defence, he offered to shew that Trenchery held himself out as principal, and in fact declared that while the pianos were in his possession, that he was owner.

If an agent hold himself out to the world as principal, persons dealing with him may set off

claims against him, in the same manner as if he were the principal in fact. Story Ag. 431—2. Theobald's Prin'l and Agt., 307. And this defence is proper under the general issue. 1st Chit. Pl. 570, and cases, there cited. The declarations of the agent to the effect, that he was principal were really the foundation of the defence. Besides, it is a general rule, that declarations accompanying possession and explaining it are always admissible. 3rd Phil. Ev. (Cow. Ed.) 597 to 603, where the cases are collected and compared. See also 4 Mo. Rep., 18, to the same effect.

SPALDING & TIFFANY *for Appellees, rely on the following*

POINTS AND AUTHORITIES:

The deposition of Floyd was properly excluded, as there was no dedimus under which it was taken; and as it was taken on behalf of plaintiff below, appellee here, it did not when offered by the other party, come within the rule of Court, requiring exceptions to be filed, nor if it did, was this such matter as was required to be excepted to.

1. Rev. Code 1835, p. 250, §3, and p. 221, §19, and p. 222, §21. The case cited from Tate's Rep. by opposite counsel I have not seen. The case in 2 Alabama Rep. 529, is different from this. There was a written consent of the counsel; besides, there was a seal in that case.

2. The hearsay statements of Trenchery, the witness of plaintiff, which was offered by defendant below, was rightly excluded:—

1st. Because it was hearsay.

2nd. Because if it was intended to impeach Trenchery, or lessen the weight of his testimony, a proper foundation had not been laid, by previously questioning Trenchery on cross examination. 4 Mo. Rep. 256. Roscoe on Ev., 140—1, &c. Greenleaf's Ev., 514, §462. 1 Stark Ev., 182—3—4. 1st Phillip's Ev., 293—4. 7 Mo. Rep., 120. Abell et. al. vs. Shields et. al. . These authorities show that a witness cannot be proved to have made contradictory statements, unless a foundation be laid by first asking him in relation thereto.

3rd. Because no set off was pleaded, nor any notice filed of one, so that all evidence tending to prove set off was irrelevant, and this evidence was admissible on no other ground than to impeach Trenchery, or to establish a set off. Rev. Code of 1835, p. 579, § 1, 2 and 3.

3. The Court caonot take notice of this last point, as the record does not show when this bill of exceptions was filed, and it states that the defendant below " *excepts* " to the decision of the Court,—*excepting then when it was filed,* is not the exception contemplated by the Act of Assembly; but, *excepting at the time the decision was made.* And the burden is on the party complaining, to show that error was committed against him. 8 Mo. Rep., 136—224 and 234. 9 Mo. Rep., 797, Turner vs. Belden.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit against Greene, the appellant, to recover the value of a piano forte. Plea—Non assumpsit. Verdict and judgment for the appellees—plaintiffs.

On the trial, Trenchery's deposition was read for the plaintiffs, which proved that Trenchery was agent for the plaintiffs for selling piano fortes, of which they were the manufacturers, and that one was sold to the defendant for the sum of $350, which remained unpaid. Another witness testified to the agency of Trenchery, and the sale to Greene.

To the reading of Trenchery's deposition, the defendant objected on the ground that he was interested, and to establish his interest, he offered to read the deposition of one Floyd, to the reading of which the plaintiffs objected, for the reason that the commission under which it was taken was not under the seal of the Court from which it issued. This deposition was taken by the plaintiffs themselves. There is a rule of the Circuit Court of St. Louis county, which says that no exception to a deposition, saving to the competency or relevancy of the testimony therein contained, shall be allowed unless the exception be filed in writing before the trial of the cause wherein the deposition was taken, provided the deposition is filed two days before the trial. This deposition had been filed more than two days before the trial.

The defendant stated that his defence was, that Trenchery, the agent, held himself out as the owner of the piano whilst it was in his possession; that he purchased it, believing in good faith that he was the owner of it, and that he was a creditor of Trenchery's for $300 and more; and was examining a witness in relation to the declarations of Trenchery whilst he was in possession of the piano to show that he held himself out as owner, when the declarations were excluded by the Court, to which an exception was taken.

The authorities seem to incline to the opinion that a deposition taken by one party to a cause, may be used by the other, notwithstanding it is not read by him at whose instance it was taken. Yeaton vs. Fry, 5 Cr. 335. 4 Bibb, 480. Gordon & Walker vs. Little, 8 Serg. & Rawl., 535. If, then, after a deposition is filed in a cause, the parties are equally entitled to the use of it, it would seem to follow from the rule of Court above stated, that if the objection taken by the plaintiffs to the deposition of Floyd, could be taken by them at all, it was not taken in time. After the deposition was filed, it was the defendant's deposition, and the plaintiffs should have objected to the manner of taking it within the time prescribed by the rule of Court. If a party were permitted to take advantage of his own irregularity, in taking a deposition in order to suppress it, it does seem it would enable him in many cases to entrap his adversary.

As it regards the exclusion of the declarations of Trenchery, respecting the ownership of the piano, it may be remarked, that such declarations do not fall within the rule which prohibits a party from making evidence for himself by his own assertions. The object of the proof of the declarations of Trenchery, seems to have been to enable the defendant to avail himself of the principle of law, that if a factor sell goods

of his principal in his own name, without any notice on the part of the purchaser that the goods are not his own, the purchaser will be entitled to set off a debt due to him from the factor against the price of the goods. George vs. Cleggett, 7 D. & E., 359. Rabone vs. Williams, *ib.* Carr vs. Hencliff, 4 Barn. & Cres., 547. Story on Agency, §390.

The case of Carr vs. Hencliff, 4 Barn. & Cres., 547, is an authority to show that the defence set up by the defendant was available under the general issue.

Judge NAPTON concurring, the judgment will be reversed, and the cause remanded.