SAMUEL, Plaintiff in Error, *vs:* WITHERS, Defendant in Error.

1. The deposition of a witness has been taken in a suit and remains on file unsuppressed. *Held,* on the trial of the suit, the party cannot read in evidence a deposition of the same witness, taken in a former suit between the same parties, unless he has filed it in the suit in which he proposes to read it, or has given the opposite party notice that he intends to use it.

2. A., as security of B., signs a note payable to C. Usury, which B. has contracted to pay C. is included in the amount on the face of the note. *Held,* the omission to disclose this fact to A. will not operate to discharge him.

*Error to Boone Circuit Court.*

The opinion of the court contains a sufficient statement of the facts.

*Gordon* and *Hayden,* for plaintiff in error, insisted,

1. That the deposition of Bristow should have been excluded, because he was an interested witness ; because it had been taken in another suit in which he was a party to the record, and had not been filed in this cause before it was read to the jury ; because the evidence it contained was irrelevant ; and because the deposition of the same witness had been taken in this cause, and was then on file and not suppressed.

2. That, even if usury had been proved, defendant was, nevertheless, bound to pay the money sued for in this action, or at least, the sum of money borrowed by Bristow. 14 Verm. Rep. 258, 260, 261.

3. That the alleged agreement between Hall and Bristow, for delay of payment, was not binding on Hall, because, first, the delay was not for any specific time, and second, usurious interest was the consideration of said agreement. Therefore it did not discharge the defendant, Withers. 1 B. Monroe, 285, 324. 3 J. J. Marshall, 527. Barbour's Eq. Dig. 653. 4 Howard's Ala. Rep. 684. 5 Blackf. Rep. 367. 4 ib. 241. 1 ib. 391. 8 Mo. Rep. 49, 316. 13 Ohio, 84, 104.

*Leonard,* for defendant in error.

1. Bristow, one of the defendants, was a competent witness

for Withers, his co-defendant, notwithstanding he had been a party to the record, there having been a judgment against him by default.

2. Bristow, as the principal debtor, was bound to indemnify the respondent against the costs of the suit, and, so far, had an interest to protect the respondent from a judgment. The release discharged him from that liability, and restored his competency. *Austin* v. *Dorwin,* 21 Verm. Rep. 38.

3. Bristow's deposition in the first suit was competent evidence for the respondent upon the trial of the second suit.

4. The concealment from the surety of the fact that, instead of the money mentioned in the note being lent to the principal debtor, a portion of it was for usurious interest, to grow due upon the money actually advanced, discharged the surety from his liability. *Pidcock* v. *Bishop*, 10 E. C. L. Rep. 197. *Stone* v. *Compton*, 35 ib. 56. *Hagar* v. *Mounts*, 3 Blackf. Rep. 57. *Whitcher* v. *Hall*, 11 E. C. L. Rep. 226. *Bonser* v. *Cox*, 4 Beavan, 379. 4 Penn. State Rep. 353.

5. The respondent put his case to the jury upon the concealment, and not upon the agreement to extend the time; and, therefore, the question as to the effect of such an agreement, founded upon a promise to pay usurious interest, is not now before the court; but if it were, it would be confidently insisted that such an agreement discharges the surety. *Austin* v. *Dorwin*, 21 Verm. Rep. 44. *Wheat* v. *Kendall*, 6 N. H. Rep. 504. *Bank* v. *Woodward*, 5 ib. 106. *Vilas* v. *Jones*, 10 Paige's Rep. 76.

RYLAND, Judge, delivered the opinion of the court.

This was an action of debt, brought by the plaintiff in error, Washington Samuel, against Jennings Withers, defendant in error, in the Boone Circuit Court, at the March term, 1846, on a note executed by one Julius C. Bristow, as principal, and James M. Clarkson and the defendant, Withers, as securities, for $1590, payable to John Hall, and by him assigned to Manlius V. Thompson, and by Thompson to the plaintiff.

From the record, the following may be found as the principal facts in the case.

To the plaintiff's action, the defendant pleaded, 1st, *nil debet*; 2d, payment; 3d, that Julius C. Bristow, the principal in said note, agreed with John Hall, the payee, to pay him usurious interest for the loan of $1500, without the knowledge or consent of the defendant in error, for and during the space of two months; 4th, that Bristow was principal and the defendant in error security in said note, and that Hall, the payee, knowing the fact, after making said note, and after the same became due, it was agreed between said Hall and Bristow, without the knowledge of the defendant in error, that said Hall should extend the time of payment for the space of two months from the time said note was due and payable; that the said Bristow would pay said Hall two per cent. per month on the amount of said note for two months, for which time payment was delayed and extended without the defendant's knowledge; 5th, usury as to seventy-five dollars of said note; 6th, that, at the time the note became due, the said Bristow was solvent and able to pay the note; that Hall, well knowing the fact, and that Bristow was, at the commencement of this suit and at the time of the assignment to Thompson, wholly unable to pay the same or any part thereof, and that while Bristow was solvent and able to pay the note, and while said Hall owned said note and after it became due and payable, the said Hall corruptly and fraudulently delayed the collection of said note, with intent to charge the said defendant with the payment thereof.

To the 3d, 4th, 5th and 6th pleas the plaintiff in error demurred, which was sustained as to the 4th plea, and overruled as to the 3d, 5th and 6th, upon which the plaintiff joined issue.

On the trial, the plaintiff gave in evidence the note sued on, with the several assignments endorsed thereon, and rested his case. Whereupon, the defendant read in evidence to the jury

the deposition of Julius C. Bristow, the principal in the note, which was taken in a former suit between the plaintiff in error and the said Julius C. Bristow and James M. Clarkson and the defendant in error, as defendants, and which suit had been determined. The defendant also read to the court, for the purpose of laying a foundation for the introduction of said Bristow's deposition, a release from the defendant in error to said Bristow, and also the record and proceedings in said last named cause, and also read to the court, at the time of offering said Bristow's deposition, a rule of practice of the Circuit Court in relation to the time when objections are required to be filed to the competency and relevancy of depositions filed in a cause. To the reading of said deposition to the jury, the plaintiff objected, but the court overruled the objection and permitted the same to be read to the jury, although the same had not been filed in this cause, nor any notice given the plaintiff that the same would be offered by defendant, and although the deposition of the same witness had been taken and filed in this cause by said defendant, and had not been suppressed; to which the plaintiff excepted.

Before said Bristow's deposition was read to the jury, the plaintiff in error moved the court to exclude from the jury, as evidence, the several parts of said deposition included between the figures 1, 2, 3, 4, 5, 6, 7 and 8, as marked upon the face of the deposition.

Bristow, in his said deposition, states that on the 27th day of March, 1838, he borrowed of John Hall $1500, and on that day executed his note to Hall, payable two months after date, for $1590, with Jennings Withers and James M. Clarkson as his securities; the $90 was added for interest on the $1500 for two months' time, named on the face of the note; and about the time the note fell due, the witness saw Hall and told him that he would not be able to pay the money at the time the note would fall due, but thought he would be able to pay the money in two or three months. Hall observed that he could do without the money, but he (witness) must pay him

two per cent. per month interest, which he agreed to pay. Witness further states that he thinks Hall called on him sometime in August, 1838, to receive payment of the note, and witness informed him that he could not pay the money, and still agreed to pay him interest at the rate of two per cent. per month. Withers and Clarkson, witness thinks, knew nothing of any indulgence given by Hall after the note fell due. Witness knows he never informed them of any of their arrangements. Witness states that on the 7th day of July, 1838, he paid Hall $60, and on the 27th day of August, in the same year, he paid all the interest due at that time, at the rate of two per cent. per month, and on the 6th of September, 1838, he paid $30 ; all of these credits are entered on the note. Bristow further stated, that in July, 1839, he, Hall, had a settlement about the interest that had accrued on the note that Hall held on him, and Hall was directed to credit $80 on the note that Withers and Clarkson were on, which was in his hands, which he credited on another note which he held on witness. This was substantially all the proof given in the cause.

The plaintiff then moved the court to give to the jury eleven instructions as to the law of the case, which are as follows :

1. That if the jury find from the evidence in the cause, that the defendant, Withers, made the note sued on to Hall, and that Hall assigned the same to Manlius V. Thompson, and that the same was assigned by Thompson to the plaintiff, prior to the commencement of this suit, as stated in the petition of the plaintiff, and that the money therein specified had not been paid and was still due and owing at the time of the commencement of this suit, that then the jury ought to find a verdict for plaintiff upon the issue joined. between the parties upon the first plea of the defendant filed in the cause.

2. That the jury, in their retirement to consider of their verdict upon the said first plea of the said defendant, will and should wholly disregard and exclude from their minds all that part of the deposition of Julius C. Bristow, read by defendant, in relation to the concealing from the knowledge of the defen-

dant, as well as the want of knowledge by defendant at the time he executed the said note sued on, as the security of Bristow, that said Bristow had agreed to pay to Hall interest upon the fifteen hundred dollars borrowed by Bristow of Hall, at a greater rate than six per centum per annum, as deposed to in said deposition.

3. That the fact that Julius C. Bristow, the principal obligor in said note sued on, borrowed fifteen hundred dollars of the payee of said note, and the further fact that he, Bristow, agreed to pay to Hall interest at a greater rate thereon than the rate of six per centum per annum, and the further fact that Withers, the defendant, at the time he executed said note to Hall, as the security of Bristow, for the payment of the money borrowed, including the said usurious interest agreed to be paid as aforesaid by Bristow, (as deposed to by Bristow in said deposition) was ignorant and had no knowledge of such usurious interest having been charged by Hall, and agreed to be paid as aforesaid by Bristow, should be wholly disregarded by the jury in their determination or finding of the issue between plaintiff and defendant, made upon the first plea of the defendant.

4. That there is nothing stated in the deposition of Bristow, read in this cause, conducing to show that Withers, the defendant, was not liable or bound to pay to Hall, the payee of the note, at the time of the execution thereof, the sum of fifteen hundred dollars borrowed by Bristow of Hall, and for which said note was given by them, Bristow and defendant.

5. That the ignorance of Withers that the note sued on was given to secure the payment of usurious interest to Hall by Bristow, for the forbearance of the said sum of $1500, borrowed by Bristow of Hall, does not absolve said Withers from liability to pay all the money so borrowed, and for which said note was given, after deducting therefrom the usurious interest agreed therein to be paid, under said agreement made between said Bristow and Hall, as mentioned in the said deposition of Hall.

34—VOL. XVI.

6. The plaintiff moves the court to exclude from the jury the deposition of Julius C. Bristow, read by defendants, and all the evidence therein contained, as being incompetent, irrelevant and inadmissible.

7. That, in this case, the jury are bound by law to find for plaintiff all of the debt in said note specified, with interest thereon at the rate of six per centum per annum down to the present time, after deducting therefrom all usurious interest, agreed to be paid at the date of the note, above the rate of six per centum per annum, after allowing also credits for all payments made upon the note after its execution, if they find that the defendants made the same, and that the same was assigned to plaintiff, as stated and set forth in said petition of plaintiff.

8. That, in this case, the defendant has given to the jury no evidence conducing to show that the plaintiff is not entitled to recover in this action.

9. That, if the jury find from the evidence, that the defendant, Withers, executed the note in the petition mentioned, as the security of Julius C. Bristow, and that the said note was assigned to the plaintiff as stated in the petition, and that only fifteen hundred dollars was loaned by John Hall to said Bristow, and if the jury further find that there was usurious interest included in said note, then the jury must find for the plaintiff the sum of fifteen hundred dollars, with interest at six per cent. per annum from the time the said note fell due, after first deducting therefrom the credits upon said note and the amount proven by said Bristow in his evidence to be paid; unless the jury shall further find, that said John Hall obtained said note from the said Withers by fraud, covin and misrepresentation in concealing and fraudulently and corruptly intending to deceive and defraud the said defendant, Withers. This instruction goes to the third plea of defendant.

10. That, if the jury find from the evidence, that Bristow executed the note in the petition mentioned, and that defendant, Withers, executed said note as security, and that the said note has been assigned to the plaintiff, as stated in the petition, and

Samuel *v.* Withers.

that the amount of fifteen hundred dollars was the amount of money borrowed of the said John Hall, and if the jury further find that the said note was drawn and executed as first stated in this instruction for fifteen hundred and ninety dollars, then the jury must find for the plaintiff on the issue in the fifth plea, the sum of fifteen hundred dollars, with interest thereon from the time said note fell due, after deducting the payments endorsed upon said note, and the payment proven by Julius C. Bristow, in his deposition, unless the jury shall further find that said note was procured from the defendant, Withers, by the said Bristow, with the knowledge and consent of John Hall, with intent to conceal, defraud and deceive the said defendant, Withers.

11. That, if the jury find from the evidence, that the defendant executed the note in the petition mentioned, and that said rate has been assigned to the plaintiff, as stated in his petition, and if the jury further find that the defendant was the security in said note of Julius C. Bristow, as stated by defendant in his sixth plea, then the jury must find the issue under that plea in favor of the plaintiff, unless the jury further find that John Hall, the payee in said note, corruptly and fraudulently delayed the collection of said money due in and by the said note from the said Bristow, with intent to charge the said Withers, the defendant, with the payment of said note.

To the giving of which, the defendant objected, and the court refused to give all of said instructions, except the eleventh, which was given.

Whereupon, the defendant moved the court to give to the jury two instructions, as follows:

1. If the jury believe that the defendant was the security in the note sued on, and that Bristow was the principal debtor, and that it was agreed between Hall, the payee, and Bristow, the principal debtor, that Hall should loan Bristow fifteen hundred dollars for two months, and that the latter should pay ninety dollars for the use of this sum for those two months, and that this was more than lawful interest, and that a note

should be drawn payable to Hall for the said fifteen hundred and ninety dollars, at two months, and be executed by him and his securities ; and further find the fact that ninety dollars of the amount of the note was for interest as aforesaid, and that the same was concealed from Withers at the time he executed the note, they will find for the defendant upon the third plea.

2. If Withers was mere security in the note sued on, then the concealment from him of any of the material terms of the contract, releases him from his obligation upon the note.

Which were given, and to the opinion of the court in giving defendant's instructions, and in refusing the plaintiff's instructions, the plaintiff excepted ; whereupon, the jury found their verdict for the defendant, and judgment was rendered by the court accordingly. The plaintiff then filed his motion and reasons for a new trial, which was overruled by the court, and this cause is brought to this court by writ of error.

. The plaintiff in error relies, for a reversal of the judgment below, upon the acts and decisions of that court, in permitting the defendant to read, under the circumstances set forth in the above statement, the deposition of Julius C. Bristow ; also, upon the refusal to give the instructions prayed for by him, and upon the giving of the two instructions for the defendant.

These points, therefore, will receive the consideration of this court, or such of them as may be deemed material.

1. First, then, as regards the decision of the court in permitting the deposition of Bristow to be read. The judgment by default against him, in a former suit upon the same note, and the release from Withers to Bristow of all liability to pay the costs which may be adjudged in this action against Withers, may be considered as restoring the competency of Bristow. He may, therefore, be regarded as a person competent to testify. See *Hogg, administrator of Garrett,* v. *Breckinridge & Ferguson,* 12 Mo. Rep. 369, where this point was decided by this court. ·

But the competency of Bristow, as a witness, does not, of itself, authorize the reading of his deposition. It appears

that the deposition of this man had been taken in a former suit, in which the plaintiff in this present action was plaintiff, and Withers, Bristow and Clarkson, defendants ; and which action had been been determined some years before this trial ; that the deposition had remained on file among the records of that case in Boone Circuit Court ; and it also appears that the deposition of the same man was taken on the part of Withers in this present action, and was then on file among the records of this case, unsuppressed. There were two depositions of this man. The defendant offered to read the one taken in the former suit, without ever having filed it among the papers of this suit, or even having given notice to the plaintiff that he should offer it in evidence. This court has heretofore decided that a deposition taken in a former suit between the same parties, is competent evidence in a subsequent action between them, if properly taken ; but though it be competent, yet it is the opinion of this court that notice of its intended use should be given, or it should be filed anew in the suit, so that the party against whom it was intended to be read may have knowledge thereof. The decision of the court below, in permitting the defendant to read Bristow's former deposition, under the circumstances of this case, as appears from the record, was erroneous.

2. From the instructions given to the jury, it appears that the case was submitted to them upon the issue of a concealment from Withers, by Hall and Bristow, of material terms of the contract of loan at the making of the note. In the opinion of this court, the court below erred in giving the instructions for the defendant which are set out above. The omission to disclose the fact that the principal debtor had agreed to pay usurious interest to the creditor ; or to disclose the fact that usurious interest was calculated upon the amount borrowed, and is included within and forms a part of the amount on the face of the note, never can operate in law as a discharge of the security to the note. To declare the law to be thus, in this country, where promissory notes and bonds are assignable by

law, and pass so currently and so freely from man to man, would be productive of serious consequences to the public. The authorities cited by the counsel for the defendant in error, do not go to this length. As far as we have been enabled to examine and investigate the subject, the mere concealment of the real sum borrowed, and the usurious interest, have never yet been declared to exonerate the securities on a note given, where, by law, usury itself did not render the note void. With us, usury does not destroy the obligation of a note ; it affects only the interest. The case of *Pidcock* v. *Bishop*, cited by the defendant's counsel, 10 Eng. Com. Law Rep. 197, does not alone depend upon the concealment of material matters, at the time of making the note or contract, for the exoneration of the security, but, upon the principle that the concealment from the surety of any of the material terms of the contract, which increases the risk he is under, or which varies or enlarges his responsibility, is a fraud upon him. The agreement in Pidcock and Bishop's case was considered a direct fraud upon the surety. The case of *Stone* v. *Compton*, 35 Eng. Com. Law Rep. 57, was also one of fraud on the security, and it was the misrepresentation of a material fact by the plaintiff's agent, when he read the mortgage deed, and stated untruly that £800 had been paid, when it had not, and was afterwards deducted from the amount mentioned in the promissory note which was signed by the security. This was held to be a fraud in law which released the security. The case of *Hagar et al.* v. *Mounts*, 3 Blackf. 57, was also a case in which fraud was the ingredient which was declared to exonerate the security. The case of *Whitcher* v. *Hall*, 11 Eng. Com. Law Rep. 224, was decided upon another principle. A majority of the judges held that the contract there was an entire contract for the letting of thirty cows, neither more nor less ; that the plaintiff was, in this action against a surety, bound to prove a literal performance of the contract, and not having done so, was properly non-suited ; that any variation in the contract made without the security's consent thereto, would discharge the security. In the case of

*Bouser* v. *Cox*, 4 Beavan, 379, A. gave to C. a promissory note as surety to B. on an agreement that C. should advance the amount to B. by *draft at three months date*. C. made the advance *immediately* to B. and not by draft at three months; *held*, that the surety was released. The money had not been advanced on his contract, nor could an action be maintained for the money for that very reason. He was to pay on a certain condition : .it had never been complied with : he never was liable. None of the numerous cases on the subject of principal and surety, go so far as the defendant's doctrine in this case. There certainly was no fraud in the failure to disclose the fact that usury had been exacted of the borrower by the lender, and the amount put in the note. I doubt if ever a security asked, or was even informed when called upon to sign a note, as a friend for another, that the note was in part for usurious interest on a loan. Usury does not make the note void—does not destroy the obligation to pay the real sum borrowed.

Upon the view, then, taken by this court upon this subject, it will not be necessary to notice the instructions prayed for by the plaintiff below. The judgment must be reversed for those given for the defendant, and for the admission of the deposition of Bristow.

Judge Gamble concurring, the judgment below is reversed and the cause remanded.