ADAMS, *Appellant*, v. RAIGNER.

**Depositions.** Where one of the parties to a suit was a party to a former suit, while the other claims title to the matter in controversy through the other party to the former suit, a deposition taken in the former suit upon sufficient notice, is admissible in evidence without being filed in the latter, and without other notice being given of its intended use, provided no surprise is worked.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

This was an action of ejectment brought by Thomas Adams against John H. Raigner. At the trial, Raigner, to sustain the issues on his part, offered in evidence the deposition of W. P. Mayes, and the court permitted him to read it against the objection of plaintiff. This deposition was taken before the institution of the present suit, in an action of ejectment wherein Francis M. Morgan was plaintiff and the present plaintiff and one Shockley Adams were defendants, and the matter in controversy was the right to the possession of the tract in question in this case. The deposition was taken on sufficient notice, and after it was filed in the former suit an ineffectual motion was made to have it suppressed. Morgan recovered in that case, and subsequently conveyed to Crandall & Sinnett, and they to defendant, Raigner. Mayes was dead at the time of the trial of this cause.

*Elliott & Jetmore* for appellant, cited Starkie on Ev., (9 Am. Ed.)* 412; *Tindall v. Johnson,* 4 Mo. 113; *Samuel v. Withers,* 16 Mo. 532.

*C. E. Moorman* for respondent, cited *Parsons v. Parsons,* 45 Mo. 265; *Jaccard v. Anderson,* 37 Mo. 91; *Cabanne v. Walker,* 31 Mo. 274; *Norcross v. Hudson,* 32 Mo. 227; 1 Greenl. Ev., (11 Ed.) 553, 554; 3 Ib., 341, 342; Stephens' Ev., p. 48; *Gitt v. Watson,* 18 Mo. 274.

NAPTON, J.—The only question presented in this case is, whether the deposition of Mayes was admissible. The decision of the circuit court on the matter of fact is not a subject of review. This deposition was taken in a case where the present plaintiff was defendant, and the plaintiff was one from whom the present defendant claims his title. If the deposition was reliable, there was an end of the case. It was taken in a case where the plaintiff undoubtedly had an opportunity of cross-examination. It is true that in *Samuel v. Withers*, 16 Mo. 532, it was said that the deposition should be filed in the case where it was proposed to use it, or notice should be given of its intended use, but in *Cabanne v. Walker*, 31 Mo. 285, this rule was not considered indispensable, and was thought to be merely intended to guard against surprise. That there was no surprise in the present case is obvious from the fact that five or six witnesses were introduced to prove the bad character of the deponent for truth. The case of *Parsons v. Parsons*, 45 Mo. 265, seems to be conclusive on the point in this case, and if the deposition was credited, the title of the defendant was clear, and of this the judge below was the sole judge, no jury being asked for. Judgment affirmed.

AFFIRMED.