## CARTER v. DAVIS *et al.*, *Appellants.*

**Deposition**: SECONDARY EVIDENCE, WHEN NOT ADMISSIBLE. Secondary evidence of the contents of a deposition cannot be read in evidence when the original has not been returned into court nor filed in the cause.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*C. A. Winslow* and *L. P. Cunningham* for appellant.

The court committed error in permitting, against defendant's objection, the copy of the deposition of Corn to be read in evidence. The original had not been returned or filed in the cause, and secondary evidence of its contents was inadmissible. *Mincke v. Skinner*, 44 Mo. 92; *Finney v. St. Charles College*, 15 Mo. 266; R. S., § 2157.

*E. J. Montague* for respondent, cited *Rhodes v. Outcalt*, 48 Mo. 367.

RAY, J.—This suit was commenced in the circuit court of Newton county, Missouri, February, 1877, but the venue thereof was afterwards changed, by consent, to the circuit court of Jasper county, where the cause was tried. The controversy is about a certain forty acres of land, situated in said Newton county, described as the southeast quarter of the northwest quarter of section 20, township 27, range 32, otherwise known as the "Johnson forty." The defendants are in possession thereof, claiming it adversely to the plaintiff.

Samuel B. Corn, is the common source of title. Said Corn, on July, 20th, 1874, mortgaged the land in question with other lands, to plaintiff, with a power of sale in the mortgagee to secure his note of that date to plaintiff for the sum of $2,500. This mortgage was filed for record in

Jasper county August 1st, 1874, but was not filed for record in Newton county where the " Johnson forty " (the land in question) is situated, until September 11th, 1875. Plaintiff, Carter, as such mortgagee, duly advertised the land for sale and at the sale thereof, on June 17th, 1876, E. J. Montague became the purchaser thereof, and received from plaintiff a deed therefor, dated June 27th, 1876. Said Montague and wife, about that time, conveyed said land, by quit-claim deed, back to the plaintiff. Said Montague was acting as attorney for plaintiff, in and about the matter, and testifies that no money was in fact paid by either himself or the plaintiff.

June 11th, 1875, Corn and wife executed a deed of trust on the land, with a large lot of other lands, to Edmund T. Allen, to secure some seventy-two notes, aggregating about $8,000 in value, due some nine different business firms in St. Louis, Chicago and New York. The following clause was interlined in said deed of trust. " The above property, being subject to several incumbrances, duly recorded "—but the evidence showed that the clause was inserted prior to the execution of said deed. This deed of trust was recorded in Newton county, July 9th, 1875, or two months prior to the recording of the plaintiff's mortgage. The defendant, Davis, purchased at a sale of said land by said trustee, under said deed of trust to Allen, on May 26th, 1876, and obtained a deed therefor. Said Corn and wife, on September 7th, 1875, also, conveyed the land, by quit-claim deed, to the defendant, Cassil, who paid therefor, as he testifies, a small or nominal consideration. Defendant, Cassil, conveyed the land to defendant, Davis, by quit-claim deed, dated April 1st, 1876. The evidence did not disclose what interest defendant, Cahn, had in the land, but the answer admitted a conveyance by defendant, Davis, of an interest therein to his co-defendants. The petition charges that the trustee and beneficiaries in the deed of trust to Allen and the defendants, all acquired their interest in the land in suit, subject to the plaintiff's

said mortgage from Corn and wife, and with actual notice thereof. The relief sought by this action is to postpone the lien of the Allen deed of trust on the forty acres in controversy, to the lien thereon of the mortgage to the plaintiff; to set aside the deed of the trustee to defendant, Davis, for said forty acres, and to divest the defendants of all title thereto, and to vest the same in the plaintiff. The other averments thereof we deem it unnecessary to set out.

The answer, so far as we deem it material to notice, denies all allegations in the petition of any notice by defendants of plaintiff's said mortgage, and sets up that they are innocent purchasers for value, having first recorded the deed under which they claim, and paid the purchase money, without notice of plaintiff's claim. The circuit court found the issues for the plaintiff, and the defendants have appealed to this court from the judgment decreeing the relief prayed for. As the Allen deed of trust, under which the defendants claim, was first of record, it is *prima facie* superior to the mortgage of the plaintiff, and the main question in the case is, as to the actual knowledge of those claiming under said Allen deed of trust.

Upon the trial the court permitted the plaintiff to read, against the objection of defendant, a copy of the deposition of said S. B. Corn, under the following circumstances, as shown by the bill of exceptions:

"Plaintiff by his attorney, Judge Montague, then proposed to read, what he stated to be an abstract of the deposition of Samuel B. Corn, taken by defendants, having previously served notice on defendants, requiring them to produce said deposition upon the trial, when defendants' attorney presented a copy of said deposition, which was read in evidence by plaintiff's attorney as plaintiff's testimony. Defendants objected because the original deposition had never been filed in the cause, and never was a part of the record in the cause, and the original deposition was the best and only evidence of its contents. All these objections were overruled by the court, to which defendants duly

excepted at the time. It was admitted that the original deposition was never filed in the cause, nor among the papers in the cause, but the last known of it was when the same was completed by the notary public in Pennsylvania, who took it on the 31st of July, 1877."

The action of the court, in this behalf, is pressed upon us as error for which the judgment should be reserved. Out statute, Revision 1879, chapter 26, page 352, provides, that any party to a suit, pending in any court in this State, may obtain the deposition of any witness to be used in such suit, conditionally. § 2130. If the witness, as in this case, resides out of the State, the party desiring his testimony, may sue out of the court in which the suit is pending, or out of the office of the clerk thereof, a commission to take the deposition of the witness. § 2131. The statute specifies the officers, by and before whom such deposition may be taken. § 2133. The commission authorizes and empowers the officer to cause to come before him, such person or persons as shall be named to him, by the parties suing for the same, and commands such officer to examine such person, touching his knowledge of anything relating to the matter in controversy, and to reduce such examination to writing and return the same, annexed to the commission, to the court wherein, or the justice before whom the action is pending, with all convenient speed. § 2135. Section 2138 requires notice in writing of the time and place of taking such deposition to be given to the adverse party. By section 2151, it is required that to every deposition or examination, taken by virtue of this law, shall be appended the certificate of the person or officer, by or before whom the same shall be taken, showing that the deposition or examination was reduced to writing in his presence and sworn thereto by the witness, at the place at which and the day, and within the hours, wherein the same was taken. Section 2157 then provides that examinations or depositions, taken and returned in conformity to the provisions of this chapter, may be read and used as evidence

in the cause in which they shall have been taken, as if the witnesses were present and examined in open court on the trial thereof, etc.  First, if the witness resides or is gone out of the State, etc.  We may remark in the first place, that a paper or document, wanting in any one of these essential elements or requirements of the statute is not a " deposition" within the meaning of the statute, and is not admissible in evidence as such.  We need not say that where there is no original there can be no copy.

It is not sufficient to authorize the admission of such a paper or document in evidence as a deposition to show that it has been properly taken and authenticated in conformity to the requirements of the statute, but it must also appear that it has been returned to the court wherein, or the justice before whom the action is pending.  Until such return there is no legal deposition, such as is contemplated and required by the statute.  Where there is no legal deposition, there can be no legal copy.  In such a case, the original of such a paper, or document, is clearly not admissible in evidence, and for a still greater reason a copy thereof is not securable.  The return of the deposition is as much one of the essential elements and requirements of the statute, as any other provision authorizing and permitting the same to be read.  The return authorized and required by the statute, not only includes the proper authentication of the officer, showing how and in what manner he has executed the commission, but also includes the manual or physical return and delivery of the deposition so taken and authenticated to the court or clerk, issuing such commission, and authorizing such deposition to be taken.  This return and delivery to the court or clerk may be by the officer himself, or he may transmit the same by messenger or mail properly sealed up and directed.  It is further held by the adjudications, where the clerk of the court receives a deposition transmitted by mail, messenger, or delivered by the officer taking the same, it is his duty to file the same in the cause, and so indorse it, after which it is treated as a record in the

cause. Such, at least, is the regular and ordinary practice in such cases. Weeks' Law of Depositions, Chapter 9, page 412 to 435, and sections 343, 344, 355 and 362.

It is conceded that, when a deposition has once been properly taken and regularly returned, in conformity to the requirements of the statute, and filed in the cause, that it is then admissible in evidence. It is also conceded that, if, in such case, the party taking the deposition declines to use it, the adverse party may read it in evidence. It is further admitted that a copy of a deposition, so taken and returned, and filed in the cause may also be read in evidence upon proof of the loss or destruction of the original. It is, also, held that depositions so taken in another cause between the same parties, may also be read in evidence, and that copies thereof are likewise admissible upon proof of the loss or destruction of the originals. The authorities in this State and other courts are abundant on these points and to this effect. This, we think, is the full extent, to which the authorities go on these questions. After considerable search among the authorities and text writers, I have not been able to find a case where an original document, not thus taken and returned, or a copy thereof, has been held admissible in evidence as a deposition; nor have we been cited to any such case in brief of counsel. We apprehend that such is not the law, and never has been the practice. *Grinnan v. Mockbee*, 29 Mo. 346; *Mincke v. Skinner*, 44 Mo. 93; *Greene v. Chickering*, 10 Mo. 109; *Finney v. St. Charles College*, 13 Mo. 267; *Samuel v. Withers*, 16 Mo. 532; *Parsons v. Parsons*, 45 Mo. 266; *Adams v. Raigner*, 69 Mo. 363.

In 29 Mo. 345 *supra*, on pages 346, 347 it is said that: " When a party relies on a deposition, he must, before he can be permitted to use it as evidence, show all the facts upon which its admissibility depends." In 44 Mo. 93 the head note is as follows: " A paper, purporting to be a deposition, which does not show in what cause it was taken, or whether with or without notice, or who was present examining and cross-examining, and was not filed

in any particular cause, has none of the elements of a deposition, and should be rejected when offered in evidence." In *Greene v. Chickering, supra* it is said, that " a deposition taken by one party to a suit, when filed, may be read by the other, in evidence," etc.

In *Finney v. St. Charles College*, 13 Mo. 267, where it appeared that the record of a suit, including the original deposition, was lost or mislaid, it was held that : " Whenever a deposition taken in a former suit is admissible in evidence in a subsequent suit between the same parties, a copy may be read upon proof of the loss of the original." In *Adams v. Raigner*, 69 Mo. 363, it appeared that Raigner was permitted, against the objections of Adams, to read in evidence a certain deposition, taken and filed in a former suit, etc., and it was there simply held that said deposition, so taken and filed in the former suit, was admissible in the latter suit, without being filed in the latter suit, and without other notice being given of its intended use, provided no surprise is worked thereby. In that particular, it only overruled former cases, where it had been held that such a deposition, to be admissible in another suit, could not be used, unless first filed in the latter suit, or notice thereof given of its intended use. In other respects it does not differ from former adjudications of this court, or countenance the reading of a deposition that had never been taken, returned and filed in the cause in which it was so taken.

In the case at bar, it will be observed that it is admitted that the original document or paper, the copy of which was offered and read in evidence in this cause, was never filed in the cause, nor among the papers in the cause; and that the last known of it was when the same was completed by the notary in Pennsylvania on the 31st of July, 1877. It is manifest, from such admissions, that said original had never been returned as required by law. We conclude, therefore, that the admission of said copy, under the circumstances stated and admitted, was error, for which the

judgment should be reversed and the cause remanded for further trial.

It will be time enough to pass upon the various questions presented by this record, when the case has been properly tried upon competent evidence. In the absence of such a trial, we cannot assume to consider and pass upon the merits of the case, as, until then, we cannot judicially know what those merits are.

For these reasons, the judgment of the circuit court is reversed and the cause remanded. All concur, Norton, J., in the result.