WILLIAM WATSON, Appellant, v. MRS. O. C. K. R..CE, Respondent.

Kansas City Court of Appeals, November 9, 1891.

1.  **Evidence:** PRINCIPAL AND AGENT: DECLARATIONS OF AGENT. A party cannot be bound by any statement or admission of a person not his agent in the matter referred to at the time; and while the fact that one had been acting as agent of defendant is competent to show a general agency, it is incompetent if it is sought thereby to show agency in another matter with a view to infer such agency in the matter in controversy.

2.  **Deposition:** WHO MAY READ: WHOSE PROPERTY. A deposition taken and filed in the cause is the common property of the litigants therein, and either is entitled to use it, and a party putting interrogations on cross-examination in the deposition of a witness may decline to read the same with the answers thereto, but, if he do, then the other party may read them.

3.  **Appellate Practice:** OBJECT NOT URGED BELOW. Objections not urged below against the admission of evidence will not be considered on appeal.

4.  **Practice, Trial and Appellate:** ASKING INSTRUCTIONS: BILL OF EXCEPTIONS. Instructions should be asked before the cause is submitted to the jury, or the court sitting as a jury, and, if asked afterwards, they are out of time, and the court can rightfully refuse to consider them; and where the bill of exceptions, which to the appellate court imports absolute verity, shows instructions were first presented after the announcement of the court's finding, the appellate court will not review the action of the trial court in declining to pass upon them.

5. **Appellate Practice:** EXCEPTION: MOTION FOR NEW TRIAL, The appellate court is precluded from reviewing an action of the trial court to which no exception was saved, and to which the attention of the court was not called in the motion for a new trial.

6. ———: DISTURBING FINDING. Where there is ample testimony in the record to sustain the finding, the judgment will not be disturbed.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*W. C. Wells* and *Junius W. Jenkins*, for appellant.

(1) Our first point is that the court erred in refusing to allow the plaintiff to answer the question: "State what occurred the first time that Dr. Ewing came to you and spoke to you about your services as an architect." Watson distinctly states that he came to him from Mrs. Race as her agent; that he had been superintending the residence Mrs. Race was then building, and that he, during the whole of that time, acted as her agent. 2 Greenl. Ev. [Redfield's Ed.] sec. 65. (2) Plaintiff sought to establish Broadwell's authority to act for Mrs. Race, by asking plaintiff this question, "Do you know whether or not Col. Broadwell had been acting as the agent of Mrs. Race before you were sent to him?" Story on Agency [Redfield's Ed.] sec. 65. (3) Broadwell's deposition was taken by the defendant, and the whole of his direct examination (except his name, age and place of residence) was objected to at the hearing, and the objection sustained; defendant's counsel then proposed to read the testimony elicited on cross-examination, and plaintiff's counsel objected because that testimony was plaintiff's, and he did not want to offer it. This presents a question of first impression in this state as far as we have been able to find. The

question then resolves itself into this, could the defendant use as evidence testimony elicited on cross-examination, of which she could not have availed herself had she brought it out on direct examination. We especially submit that she could not do it. *Reed v. Hogson*, 1 Cranch Ct. Reports, p. 491 ; *Polly v. Ins. Co.*, 14 Me. 153 ; *Gordon v. Little*, 8 Serg. & R. 555 ; *Smith v. Biggs*, 5 Simons, 392. If the direct examination is inadmissible then the cross-examination cannot be admitted for the direct examiner. Thompson on Trials, sec. 423 ; *Calleson v. Smith*, 20 Kan. 37 ; *Glasgow v. Allen*, 11 Mo. 34 ; *Welsh v. Agnew*, 12 Mo. 520 ; *Delventhal. v. Jones*, 53 Mo. 460 ; R. S. 1889, sec. 4463 ; *State v. Dunn*, 60 Mo. 64 ; *Holman v. Bachus*, 73 Mo. 49 ; 2 Phillips on Evidence [ 4 Ed.] 209, 212 ; *State v. Bryant*, 55 Mo. 75. ( 4 ) The court erred in refusing to consider and pass on the declarations of law presented to it by plaintiff. The reason assigned by the judge for refusing to pass on the declarations of law presented was failure of counsel. to comply with the rule of court. The only use declaration of the law could possibly be in a cause tried by the court sitting as a jury is to inform the appellate court of the views of the trial court. Now this could be done just as well immediately after the decision as before. *Kimberlin v. Short*, 24 Mo. App. 646 ; *Gaty v. Clark*, 28 Mo. App. 352 ; *Cooper v. Ord*, 60 Mo. 431 ; *Stone v. Spencer*, 77 Mo. 361 ; *Bolt & Iron Co. v. Buell*, 8 Mo. App. 594 ; R. S., sec. 2188. This case was never argued and submitted as the bill of exceptions clearly shows. The request to pass on the declarations of law was under the statute, therefore, made in time, and no mere rule of court can deprive a party of the right. *Purcell v. Railroad*, 50 Mo. 504 ; *Calhoun v. Crawford*, 50 Mo. 458 ; *Huff v. Shepherd*, 58 Mo. 242 ; *State v. Underwood*, 75 Mo. 230 ; *Whitset v. Blumenchatt*, 63 Mo. 479 ; *State v. Lewis*, 9 Mo. App. 321 ; 74 Mo. 222 ; *Erdmitter v. Kump*, 61 Mo. 340 ; *Hannel v. Freund*, 17 Mo. App. 618 ; Thompson on Trials,

sec. 2359. (5) Our next contention is, that the court erred in refusing to allow plaintiff's counsel to argue the case on the law and evidence, and it erred also in not permitting him to argue the motion for new trial. Cooley, Const. Lim., p. 321. The right to be heard by counsel exists, and it cannot be taken away. *State v. Page*, 21 Mo. 258; *Dobbins v. Oswalt*, 20 Ark. Barb.'s Rep., p. 624; *Brooks v. Perry*, 23 Ark. 32; *Douglass v. Hill*, 29 Kansas, 528. To refuse it is denial of a right. *Sandusky v. McGee*, 4 Marshall, J. J. 271; *Ward v. Commonwealth*, 3 Leigh. 743; *Commonwealth v. Porter*, 10 Metcalf, 263; *Millard v. Thorn*, 56 N.Y. (11 Sickles) 405; *Garrison v. Wilcoxson*, 11 Ga. 158; *Lee v. Lee*, 9 Barr (Penn. St. Rep.) p. 169; *Benson v. Mahoney*, 6 Baxter (Tenn.) p. 307. See also dissenting opinion of Judge SCOTT in *State v. Page*, 21 Mo. 261. (6) The court found contrary to the law and evidence. When the verdict is manifestly against the law and evidence the judgment will be reversed. *Ackley v. Staehlin*, 56 Mo. 558, 579; *Hearne v. Keith*, 63 Mo. 84; *Public Schools v. Woods*, 6 Mo. App. 590; 77 Mo. 197.

*Beebe, Randolph & Watson*, for respondent.

(1) The court did not err in refusing to allow plaintiff to state what occurred between himself and Dr. Ewing as no agency was established. That Ewing had been plaintiff's agent in another and entirely different transaction, had no tendency to prove that he was her agent in the particular transaction forming the basis of this action. *Bacon v. Johnson*, 36 Mich. 182; *Hatch v. Squires*, 11 Mich. 185; *McClung v. Spotswood*, 19 Ala. 165; *Railroad v. Henlein*, 52 Ala. 606; *Frances v. Edwards*, 77 N. C. 371; *Peck v. Ritchey*, 66 Mo. 114. (2) Nor did the court err in refusing to allow Watson to state (for the purpose of establishing Broadwell's agency to act in the matter of employing him to make plans) that "he knew it by Broadwell's employing other persons there." The fact that Broadwell

"employed other persons there" would not tend to establish his authority to employ those persons, much less to employ him. (3) The court did not err in admitting Broadwell's deposition. There can be no question as to admissibility of this testimony. *McClintock v. Curd*, 32 Mo. 411; *Byers v. Oberstein*, 44 N. W. Rep. 129; *Turnbull v. Richardson*, 37 N. W. Rep. 499. If the evidence was relevant and competent, it mattered not which side offered it. *Turnbull v. Richardson*, 37 N. W. Rep. 499. (4) The court did not err in declining to hear counsel make an oral argument. He was asked to state his position and did so. A court is not bound to hear counsel orate. Besides, no exception was taken to the action of the court, nor was the alleged irregularity noticed in the motion for a new trial. (5) The decision of the court was obviously the only one that could have been given upon any intelligent consideration of the evidence.

GILL, J.—Plaintiff Watson sued the defendant Race for and on account of certain services as architect, consisting of some preliminary sketches and drawings for a block of flats about to be erected by the defendant, Mrs. Race. The issues were tried before the court, without the aid of a jury, when finding and judgment was for defendant, and plaintiff appeals. The matters of complaint are thus pithily expressed by plaintiff's counsel. It is urged that "the court erred in refusing testimony offered by plaintiff; that it erred in admitting the cross-interrogations and answers thereto of Broadwell; that it erred in refusing to pass on declarations of law offered by plaintiff; that it erred in refusing to allow counsel for plaintiff to argue the case both on its merits and on motion for new trial, and that the court decided the case against the law and the evidence." We proceed to notice these objections in the order named.

I. As to the rejected evidence, the court first refused to permit plaintiff to testify as to a certain

conversation he had with Dr. Ewing. In this the court was correct. Ewing could not bind Mrs. Race by any statement or admission, as it was not shown that he was agent for her in the matter referred to. That Dr. Ewing was the relative of the defendant, or that he had in some way prior thereto acted as her agent in the construction of another building, did not establish an agency in the matter of the building then about to be erected. Further along plaintiff, while on the witness stand, was asked, "Do you know whether or not Col. Broadwell had been acting as the agent of Mrs. Race before you were sent to him." This was objected to, objection sustained, and of which complaint is now made. If the object of this question was to elicit facts tending to show a general agency existing between the defendant and Broadwell, then an answer should have been permitted. If, however, it was sought thereby to show that Broadwell had acted as agent for Mrs. Race in another matter from which it was to be concluded he was her agent in the matter under investigation, then the evidence was, as already said, properly rejected. However this may be, we cannot discover that any harm resulted to plaintiff from the court's action in this regard, since it appears the trial judge was fully informed by other evidence in the case just what relation existed between Mrs. Race and said Broadwell.

II. The next objection relates to the deposition of M. M. Broadwell, taken by consent of parties on interrogatories by defendant and cross-interrogatories by plaintiff. This testimony was directed to the question of Broadwell's agency, whether he was authorized by Mrs. Race to employ plaintiff to draw the plans, etc. At the trial defendant's counsel attempted to read entire Broadwell's deposition. Plaintiff's counsel first objected to certain of defendant's interrogatories for the alleged reason that the questions were "leading and calling for a conclusion of the witness." The court sustained said objection. Defendant's counsel then

proceeded to read the remainder of the deposition, including the questions and answers propounded and elicited by plaintiff. Counsel for plaintiff objected to this, denying the right of the defendant to use any of the plaintiff's cross-interrogatories and answers thereto for the sole reason assigned, that such was plaintiff's evidence, that he did not offer them, and that defendant had no legal right thereto. This objection, so made by plaintiff's counsel was overruled, the cross-interrogatories and answers thereto were read by defendant's counsel, and plaintiff saved an exception. This point must be decided against the plaintiff. It seems to be settled that the deposition taken by one party to a cause may be used by the other notwithstanding it is not read by him at whose instance it was taken. A deposition taken and filed in the cause is the common property of the litigants therein, and either is entitled to use it, if otherwise competent. *Green v. Chickering*, 10 Mo. 109 ; *McClintock v. Curd*, 32 Mo. 411. And it is held in a late Minnesota case that the party putting interrogatories or cross-interrogatories in the deposition of a witness may decline to read the same with anwers thereto. but, if he do, then the other party may read them. *Byers v. Oberstein*, 44 N. W. Rep. 129.

Plaintiff's counsel further attacks the admission of this testimony on other grounds than those urged in the lower court. Clearly he cannot be heard here for the first time on such objections. The only ground for excluding such testimony, as presented in the circuit court, was that plaintiff did not offer the evidence, and, therefore, defendant could not.

III. The next error assigned is that the trial judge refused to pass on declarations of law offered by the plaintiff. As to this complaint, as well as to some others we shall presently notice, plaintiff's counsel, in brief and argument, have gone beyond the facts as stated in the record. We are bound absolutely by the bill of exceptions ; to that alone we must look for the

occurrences at the trial. At the conclusion of the evidence the statement in the bill of exceptions proceeds as follows : " Whereupon plaintiff's counsel arose to address the court, and the court declined to hear him make an oral argument in the case, whereupon defendant's counsel offered to address the court, which offer was also declined. But the plaintiff's counsel was requested to state the points merely that he relied upon to recover, and he did so, whereupon the court briefly reviewed the evidence, and while doing so agreed to the statement of plaintiff's counsel as to certain propositions of law ; but said, further, that the law as stated did not apply to the facts of the case as shown by plaintiff's own testimony, and thereupon decided the case in favor of the defendant. Thereupon, immediately, plaintiff's counsel requested the court to pass upon certain declarations of law, which declarations were already prepared, which the court declined to do, for the reason then announced that they were not presented before the court had announced and indicated its decision in this case, as required by the rule, now numbered 13, but originally numbered 12, of the court, adopted by all the judges of this court, and enforced since the beginning of January term, 1890, of this court, which said rule was in words and figures as follows : " 13. Attorneys must have their declarations of law to be asked of the court ready to be passed upon by the court as soon as the evidence closes upon all issues and matters in the cause that ought to have been reasonably anticipated, *and, in all cases tried by the court sitting as a jury, declarations of law must be submitted to the court before its decision is announced or indicated.*"

This record ( which to us imports absolute verity) exhibits no denial of right to the plaintiff in the matter now complained of. Section 2188, Revised Statutes, 1889, in terms provides that " when the evidence is concluded, and before the cause is argued or submitted to the jury, or to the court sitting as a jury, either party

may move the court to give instructions on any point of law arising in the cause, which shall be in writing and shall be given or refused." The rule of the Jackson county circuit court above quoted, and incorporated in the bill of exceptions, is a reannouncement of this statutory provision. This record shows that plaintiff did not offer his instructions "*before* the case was argued or submitted * * * to the court sitting as a jury," but afterwards. Such declarations of law, then, were not presented in time, and the trial court was authorized in its refusal to consider the same. *Morehouse v. Ware,* 78 Mo. 100, 103.

IV. Plaintiff's counsel has, in brief and oral argument, urged with much earnestness and ability that we reverse this cause on the alleged ground that the trial court denied him an oral argument. However eloquent and forcible the argument here, and however pertinent and strong the authorities which have been so diligently searched out and so ably presented, we are not called upon to give our views on this point for the reasons patent on the record; *first,* that no exceptions were saved at the time, and, *second,* that the trial court was not, in the motion for a new trial, called upon to correct its own errors in this regard. The bill of exceptions shows that the court permitted only "a statement of points" by plaintiff's counsel, denying an oral argument, but the record fails likewise to say that exception to the ruling of the court was saved. Nor in a motion for a new trial was anything whatever said about the court's action in this matter. It is plain, therefore, that we are precluded from a consideration of the question.

V. As to the other point, that the finding and judgment of the trial court were wrong on the facts, it is only necessary to say that there is ample in this record to justify the court's finding, and we must, therefore, decline to disturb its judgment. The said judgment is, therefore, affirmed. All concur.