The Merchants' Insurance Company v. Hill.

THE MERCHANTS' INSURANCE COMPANY V. HILL, *Appellant.*

1.  **Construction of Statute :** REVISED STATUTES, SECTION 736.  Section 736, Revised Statutes, 1879, substantially the same as General Statutes, 1865, section 11, page 328, the effect of which is that upon a *nulla bona* return to an execution against a corporation, execution may issue against any stockholder to the extent of the amount of the unpaid balance of his stock, by order of the court upon motion filed in open court after sufficient notice, is applicable to the stockholders of the Excelsior Insurance Company created by the act of February 9, 1859.  Laws, p. 74.

2.  **Constitutional Law :** RETROSPECTIVE LEGISLATION : IMPAIRMENT OF OBLIGATION OF CONTRACT.  Section 736, Revised Statutes, 1879, is not retrospective and does not impair the obligation of the contract created by act of February 9, 1859.  Laws, p. 74.  It creates no new or additional liability or burden and disturbs no vested rights; but creates a mere supplemental proceeding incident to a change in the remedy which it was competent for the legislature to provide.

3.  **Appeal from the St. Louis Court of Appeals.**  Where an appeal lies to the Supreme Court from the St. Louis court of appeals only because constitutional questions are involved, only such questions will be considered by the former court.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*N. Holmes* for appellant.

(1) The general laws of 1865, section 11, page 328, and 1879, section 736, of the corporations act were not intended to affect the special and private act of February 9, 1859 (Laws, p. 74), creating the Excelsior Insurance Company, or to apply to this corporation, its stockholders, for the following reasons : (*a*) The principle is, that a general statute treating the subject in a general manner, and not expressly contradictory to the special act, shall not be considered as intended to affect the more particula.· and positive provisions of it, unless it is absolutely nec - essary to give the general statute such a construction in order that its words shall have any meaning at all. *State ex rel. Vastine v. McDonald*, 38 Mo. 529 ; *State v. Alexander*, 23 Mo. 508 ; *State v. Macon Co.*, 41 Mo. 458-9 ; *State v. Ins. Co.*, 47 Mo. 149 ; *State v. Fiola*, 47 Mo. 310 ; Sedgw. on Stat. & Const. Law, 123 ; Smith's Stat. & Const. Law, sec. 780 ; *Fairchild v. Hunt*, 71 Mo. 534. (*b*) Such a construction of these general laws of 1865 and 1879, as would make them apply to this special and private act would make these laws unconstitutional. *Shaw v. Gregoire*, 41 Mo. 415 ; *Ins. Co. v. Flynn*, 38 Mo. 483 ; *Prov. Sav. Inst. v. Bathing Rink*, 52 Mo. 557 ; *Fairchild v. Hunt*, 71 Mo. 531 ; *Woort v. Winnick*, 3 N. H. 477 ; *Society v. Wheeler*, 2 Gall. 105 ; Sedgw. on Stat. & Const. Law, 188 ; Smith's Stat. & Const. Law, secs. 149, 157, 172, 368, 533 ; Const. of Mo. 1865, art. 1, sec. 28 ; Const. of Mo., art. 2, sec. 15.

*G. M. Stewart* also for appellant.

(1) Section 11 of chapter 34, of General Statutes, 1865, was an amendment of the act of 1855, and was so

considered by the law makers.   See Revised Statutes,
1865, section 11,   chapter 52, marginal note, "Revised
Statutes, section 13, page 72, amended," section 11, page
328.   If it was an amendment appellant could not be
affected by any of its provisions.   The act creating the
defendant corporation was a special act and could not
be repealed or modified or affected by a general law.
*St. Louis v. Alexander*, 23 Mo. 483; *St. Louis v. Ins.
Co.*, 47 Mo. 146.   The statutes of 1865 and of 1879 are
general statutes, while that creating the Excelsior In-
surance Company is special, and hence, if there be in-
consistency between them, the latter will prevail, unless
the general law contains an expression of the manifest
purpose of the legislature to repeal the special act.
*State v. McDonald*, 38 Mo. 529; *State ex rel. Baker v.
Fiala*, 47 Mo. 310; *Howard v. Clark*, 43 Mo. 344;
*Dunscourt v. Maddox*, 21 Mo. 144; *State v. Mills,*
5 Vroom, 177; *State v. Shepherd*, 74 Mo. 310.   No such
purpose appears in the law of 1865 or 1879.   (2) If,
however, it be held that the act of 1865 does reach a
corporation created as was the Excelsior Insurance
Company, we insist that it is unconstitutional, as it was
retroactive in its operation and disturbs vested rights by
changing the contract.   The correctness of this proposi-
tion depends upon the relative position and rights of a
shareholder in an action against him by a creditor for
his unpaid stock, in the absence of any statutory pro-
vision determining them, and under the statute upon
which this motion is based.   In the absence of a statu-
tory remedy, a creditor must resort to his bill in equity.
*Vose v. Grant*, 15 Mass. 505; *Spear v. Grant*, 16 Mass.
9; *Wood v. Dummer*, 3 Mason, 308; *Mann v. Pentz,*
3 N. Y. (3 Coms.) 415, 422; *Addler v. Milwaukee H.
Co.*, 13 Wis. 57.

*Pattison & Crane* for respondent.

(1)   No constitutional provision is violated by the

enactment of section 736, Revised Statutes, 1879. The charter, by omitting the provisions of the law of 1855, simply left the liability of the stockholder as at common law, which was to pay the full amount subscribed. This was the contract made by the subscriber by the very act of subscribing. If the contract is impaired at all, it must be because a method has been provided for enforcing this liability, different from that which existed at the time the liability was incurred. A change of the remedy for the violation of a contract, or a change in the method of enforcing a contract, does not impair its obligation. Story on Const. (4 Ed.) sec. 1385, note 3, on page 245, and notes 2 and 3, on page 246; *McElrath v. Ry. Co.*, 55 Pa. St. 189, 204; *Bronson v. Kinzie*, 1 How. 316. (2) In any event, appellant is in no condition to avail himself of the constitutional defence, he having subscribed for his stock nearly a year after the adoption of General Statutes, 1865, in which this provision is first found. His liability was governed by the law in force at the time he subscribed. *Fairchild v. Hunt*, 71 Mo. 526. The law of 1865 was applicable to appellant, as it was the law in force when he became a stockholder. *Railroad Co. v. McClure*, 10 Wall. 511; *Stanley v. Stanley*, 26 Me. 191. (3) The only question which this court will consider is the constitutional one. As to all others passed upon by the court below, the decision of the court of appeals is final. This is settled by the decision of this court in *Eyerman v. Blakesley*, 78 Mo. 145, which is in harmony with the view taken by the United States Supreme Court (Spear Fed. Judiciary, p. 594, *et seq.*)

BLACK, J.—This is an appeal from the St. Louis court of appeals affirming the judgment of the circuit court, by which an execution was awarded against the defendant for the amount found to be unpaid upon stock by him held in the Excelsior Insurance Company, and against which the plaintiff had obtained judgment. De-

fendant contends that section 736, Revised Statutes, by authority of which the execution was awarded, does not apply to stockholders of that corporation, and if in terms it does, then it is unconstitutional, because the law is retrospective and impairs the obligation of contracts.

1. The Excelsior Insurance Company was created by the act of February 9, 1859 (acts of 1859, p. 74), with such rights, privileges and restrictions as were conferred upon the Washington Insurance Company by the act of March 3, 1857, with the exception of so much of section eight of said act as declares the same to be a public act and exempts said corporation from the operation of section eighteen, article one, of the general laws of 1855, concerning corporations. Section eight of the act creating the Washington Insurance Company (Acts of 1857, p. 545), declares that that corporation shall be exempted from the operation of sections seven, thirteen, fourteen, fifteen, sixteen and eighteen, of article on of the general laws of 1855 concerning corporations, "and said sections shall be deemed repealed so far as cencerns the corporation hereby established." These sections seven and thirteen to sixteen are, therefore, to be regarded as repealed as to the Excelsior Insurance Company and not applicable to it. The seventh provides that the charter of every corporation shall be subject to amendment and repeal by the legislature. The thirteenth created what is known as the double liability of stockholders in favor of creditors, "unless otherwise specified in their charters," and provides that the property of every stockholder "shall be liable to be taken on execution to an additional amount equal to that of the amount of his stock and no more for all debts of the corporation contracted during his ownership of such stock," etc. This and the other sections, in substance, provide that the officer having the execution shall first certify that he can find no corporate property,

then give forty-eight hours notice to the stockholder, when he may levy upon the property of the latter, unless he disclose corporate property. After such demand and notice the creditor is also given, at his· election, an action against the stockholder.

Now, section 736 Revised Statutes, is substantially the same as section eleven, page 328, General Statutes, 1865, the effect of which is, that upon a *nulla bona* return to an execution against a corporation, execution may issue against any stockholder to the extent of the amount of the unpaid balance of his stock, by order of the court, upon motion filed in open court and after sufficient notice. This section is without restriction and applies to *any corporation* and to *any stockholder*. It points out a procedure essentially different from that given by those sections of the general laws of 1855, the prevailing feature of which was to create the additional liability to creditors, and to give the remedy therefor. Whether under those sections the creditor could, or could not, reach an unpaid balance due upon the stock subscription to the corporation we do not regard as essential to determine in this case. The statute of 1865 is practically a new one and in view of the constitutional and legislative enactments passed since this corporation was created upon the subject of the liability of stockholders, we have no doubt but it applies in terms to the stockholders of the Excelsior Insurance Company. If the charter of that corporation pointed out any proceeding by which the creditor could reach the balance actually due upon the stock when the corporation became insolvent, we should halt before coming to the conclusion before expressed, but regarding those sections of the general laws of 1855 as repealed, so far as this corporation is concerned, there is nothing in the statutes of 1865 and 1879 inconsistent with the charter, and we do not regard the authorities cited as having any direct bearing upon the question, though the Excelsior

Insurance Company was created by a special and private act.

2. This section eleven of the General Statutes, 1865, was passed and became a law March 19, 1866 (Laws of 1865–6, pp. 20 to 70), defendant subscribed for the stock in question in the following July. It is difficult to see how it can be said to be retrospective or how it impairs the obligation of the contract. Even if the defendant is to be placed upon the same basis in this respect as those who subscribed for stock in 1859, when the corporation was created, the result must be the same, for the statute creates no new or additional liability or burden. The stockholder's indebtedness is not, in the least, increased either to the corporation or to the creditor. The amount unpaid was at all times a part of the assets of the corporation and properly applicable to the payment of its debts. The most that can be said is that the statute creates a supplementary proceeding, available to the creditor against a single stockholder, whereas without it the creditor must resort to an original proceeding against the solvent stockholders of whom the court could acquire jurisdiction. By all this the stockholder may lose some advantages, such as delays, and the immediate distribution of the debt among other solvent stockholders, but these results are mere incidents to the change in the remedy and in which he has no vested right. It is competent for the legislature to thus change the remedy. *Tennessee v. Sneed*, 96 U. S. 69 ; *Terry v. Anderson*, 95 U. S. 628 ; *Springfield v. Commissioner*, 6 Pick. 508 ; *Ellis v. Jones*, 51 Mo. 181 ; *Porter v. Mariner*, 50 Mo. 364. This remedy here is distinct enough from the right and a critical examination of the authorities is not called for.

3. Under the ruling in *Eyerman v. Blakesley*, 78 Mo. 145, these are the only questions which can be considered in this court, as the amount involved is less than twenty-five hundred dollars. Affirmed. All the judges concur.