Lovell v. Davis.

---

F. E. LOVELL, Appellant, v. L. M. DAVIS *et al.*, Respondents.

Kansas City Court of Appeals, January 16, 1893.

1. **Constitutional Law**: NEW TRIALS: ACT OF 1891. The act of 1891 (Session Acts, p. 70), allowing an appeal from the action of the trial court in granting a new trial, takes away no vested right nor impairs the obligation of any contract, and is, therefore, not unconstitutional; and can be applied to a case pending at the time of its passage.

2. **Practice, Trial**: POWER TO GRANT NEW TRIAL: MOTION FOR. In passing upon the question of granting a new trial, the trial court is not confined to the grounds set out in the motion, but independent of the motion may grant a new trial for any good cause.

3. **Practice, Appellate**: GROUNDS OF NEW TRIAL. The appellate court in reviewing the action of the trial court in granting a new trial is not confined to the grounds stated in the order of the court, but may also consider those set out in the motion for a new trial.

4. **New Trials**: NEWLY DISCOVERED EVIDENCE: AFFIDAVIT. In passing upon the question of granting a new trial newly discovered evidence will not be considered unless supported by affidavit.

5. **Practice, Appellate**: SETTING ASIDE VERDICT. An appellate court will only vacate a judgment as opposed to the weight of evidence where it is so strongly opposed to all reasonable probabilities as to be the manifest result of passion or prejudice.

6. **Evidence**: AGE: INTEREST OF DEFENDANT AS WITNESS: INSTRUCTION. It is not error to tell the jury, in passing on the question of whether defendant was of age at time of making the note in controversy, that they might consider his testimony in relation thereto, his interest in the result and his motive, if any, for his testimony.

Lovell v. Davis.

7. ———: UNCONTRADICTED: INSTRUCTION. On the record in this case, it was not error to tell the jury they were not bound to believe the declarations of any witness, because such declarations were uncontradicted; they might believe or disbelieve them as it might appear from all the facts to be true or untrue.

*Appeal from the Carroll Circuit Court.*—HON. E. J. BROADUS, Judge.

REVERSED AND REMANDED *(with directions)*.

*Virgil Conkling*, for appellant.

(1) The action of a trial court in sustaining a motion for new trial is no longer merely a matter of judicial discretion. Such action is now subject to review by the appellate courts, and new trials can only be granted for substantial legal reasons. When such reasons do not appear it is now the right of the appellate court to reverse the order for a new trial, and render judgment for the party who was successful in the trial court. Revised Statutes, 1889, sec. 2246, as amended in Acts of 1891, p. 70; *Taylor v. Scherpe*, 47 Mo. App. 257. (2) The statute requires the trial court to specify, in every order granting a new trial, the reason for which the same was granted. Revised Statutes, 1889, sec. 2241. When a trial court follows this statute and in such order specifies its reasons for its action, it will be presumed that the reasons therein recited are the only reasons which had any substantial existence, and the appellate court will only inquire into the sufficiency of such. *Burke v. City of Kansas*, 34 Mo. App. 570. (3) Defendants' motion for a new trial did not complain of the instructions given, and the lower court could not properly sustain the motion upon a ground which was not assigned therein. *Railroad v. Carlisle*, 94 Mo. 166; *Orr v. Rode*, 101 Mo. 399; *State v. Morton*, 42 Mo. App. 64; *Crow, Hargadine & Co. v. Stevens &*

*Mitchell*, 44 Mo. App. 139. (4) There was no error in the instructions given to the jury. (5) While protesting that the appellate court should only inquire into the sufficiency of the reasons given by the trial court, we will, nevertheless, try to dispose of this suggestion. The allegations concerning newly discovered evidence were not accompanied by affidavits. (6) Their instruction number 2 called out plaintiff's instruction number 3, which the court very properly gave, and which declared to the jury the correct rule concerning such "uncontradicted" testimony as was given by E. J. Davis. *Vojta v. Pelikan*, 15 Mo. App. 475. (7) That this verdict is against the evidence, respondents will not be permitted to urge in this court. *McKay v. Underwood*, 47 Mo. 186; *Cook v. Railroad*, 56 Mo. 384; *Reed v. Ins. Co.*, 58 Mo. 429; *Whitsett v. Ransom*, 79 Mo. 258; *Adler v. Wagner*, 47 Mo. App. 25.

*McPhetridge* and *Hale & Son*, for respondents.

(1) We insist that this act is not retrospective in its operations, and is not applicable to motions pending at the time it took effect, and that this appeal should be dismissed. *State ex rel. v. Hays*, 52 Mo. 578. (2) If sufficient grounds for a new trial appear of record the action of the trial court in granting a new trial will not be disturbed, although the judge may have specified the wrong reason. *State ex rel. Brainerd v. Adams*, 84 Mo. 310. (3) Respondents, of course, had no control over the action of the judge in making his order. The reason given by the judge is not specified in the motion, and will the rights of respondents be prejudiced by this imperfect order of the court when ample ground for a new trial appears of record in this cause? We insist that they will not, and that no such construction will be given to the last clause of section 2241. (4) We

.admit that on appeal from final judgment in the cause that the only grounds considered by the appellate court would be those specified in a motion for a new trial or motion in arrest; but that this doctrine will not be applied on an appeal from a motion granting a new trial. (5) We insist that there was error in the instructions given by the trial court for appellant, and that the judge had the right to grant a new trial for the reason specified in the order. The first instruction was erroneous.

SMITH, P. J.—This was an action on a promissory note. Defendant, L. M. Davis, by his separate answer, pleaded payment, and the other defendant, E. J. Davis, for his defense pleaded infancy. There was a trial by jury resulting in a verdict for plaintiff.

The defendants filed a motion for a new trial upon the grounds: *First*, newly discovered evidence; *second*, verdict was against the evidence; *third*, verdict was against the instructions. Upon this motion the court made the following order: "Now come the parties by their attorneys, and defendants' motion for a new trial of this cause being taken up and fully considered is by the court sustained, because there was error in the instructions given to the jury." It thus appears that the ground upon which the court granted the new trial is not one of those mentioned in the defendants' motion. It is from the action of the court in granting the new trial the plaintiff has appealed. Session Acts, 1891, p. 70.

It appears from the record in the cause that, between the institution of the suit and the trial, the said act of 1891 took effect and became operative. It is contended by the defendants that the appeal was not authorized in this case by the said act of 1891, and that in order to make the act applicable a retro-

spective operation must be given to it which is forbidden by the constitution. We do not think this contention can be maintained. The act is remedial in its scope and character. It allows an appeal to be taken from the action of a court in granting a new trial which before its enactment was not allowed under our code of procedure. That the general assembly may change the remedy in such cases there can be no doubt. Judge COOLEY in his Constitutional Limitations says: "As a general rule every state has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. *It may give a new and additional remedy for a right already in existence. And it may abolish all remedies and substitute new.*" It is always within the power of the state to change the remedy so long as it does not essentially affect the right embodied in the contract, and that such change thus made does not infract the rule forbidding the impairment of contracts.

In *Hoffman v. Quincy*, 4 Wall. 535, it was declared by the supreme court of the United States that it is competent for the states to change the form of the remedy or to modify it otherwise as they may deem fit, provided no substantial right secured by the contract is thereby impaired. That provision of the bill of rights which prohibits the legislature from passing any law retrospective in its operation extends only to prohibiting legislation of a retrospective character which disturbs rights of a private nature. *State v. Kemper,* 9 Mo. App. 532; *Ins. Co. v. Hill*, 86 Mo. 466; *State v. County Court*, 34 Mo. 546; *State v. Hager*, 91 Mo. 452; *Porter v. Mariner*, 50 Mo. 364; *Willshear v. Kelly*, 69 Mo. 363; *Ins. Co. v. Flynn*, 38 Mo. 483; *Bolton v. Lansdown*, 21 Mo. 399; *Tennessee v. Sneed*, 96 Otto (U. S.) 69. It is too plain for argument that no vested

right is taken away or impaired by the act, nor does it impair the obligation of any contract, so the defendants' objection is without force.

The trial court having granted the new trial on a ground of its own not suggested by the defendants' motion, by necessary and inevitable implication, did not grant it on any of the grounds of such motion. The statute imperatively requires a court in its order granting a new trial to specify the grounds therefor. Revised Statutes, sec. 2241.

There seems to be no limit on the power of the court to grant new trials on either of the grounds specified in section 2241, Revised Statutes, but, for the other grounds specified in section 2240, only one new trial can be granted. The record thus required to be made was no doubt intended to enable the court to keep itself advised of the grounds upon which any former new trial may have been granted.

The court had the inherent power, independent of the ground of defendants' motion, to grant a new trial for the cause specified in its order. *State ex rel. v. Adams*, 84 Mo. 311; *McCabe v. Lewis*, 76 Mo. 301; *Williams v. Circuit Court*, 5 Mo. 248; *Richmond v. Wardlaw*, 36 Mo. 313; *Simpson v. Blount*, 42 Mo. 542.

The question is whether or not on the appeal taken in pursuance of the act of 1891 we are restricted to an examination of the grounds upon which the court as shown by its order granted the new trial, or can we also look at the grounds of the motion of the defendant as well to the end that we may see whether the action of the court can be sustained on any one or all of these grounds. The order of the court may be proper, but the ground upon which it was made be improper. Our code of practice places parties to a suit in an appellate court on an equal footing. If we are restricted in our examination of the errors committed

by the trial court to the ground or grounds of the new trial specified in the order of the court, and it shall turn out that we shall be of the opinion that the new trial was properly awarded, not for the reason specified in the order of the court, but for one or more of those alleged in defendants' motion, we would be compelled to reverse the order when it ought to be sustained. In such case the defendants would be precluded from having the benefit of the grounds of their motion even though confessedly valid. In reversing the order sustaining the motion, then the court in disposing of it again might be of the opinion that it ought to be sustained for some ground therein alleged, and should so rule, then the plaintiff would again have to present his appeal to have the action of the court on the motion reviewed, or, if the court should overrule the motion, and the defendants after judgment should appeal, the grounds of the motion would in that case come up for review in that way. This reduces the argument, that we are restricted in this appeal to an examination of the ground for a new trial specified in the order of the court, to a palpable absurdity. We think in a case of this kind our review of the action of the court may extend to all the grounds of the motion just as if the action of the court had been the other way, and the defendants were appealing. And we are unable to see anything in the innovating act of 1891, requiring a different rule of practice. *Taylor v. Scherpe*, 47 Mo. App. 257. So that the question which we feel obliged to decide is whether the order of the court granting the new trial can be sustained on any one of the grounds contained either in the motion of defendants or the order of the court. As to the first ground of the defendants' motion for a new trial, it is sufficient to say that it was not supported by affidavits, and, therefore, we cannot notice it. *State v. Jewell*, 90 Mo. 467;

*Culbertson v. Hill*, 87 Mo. 553; *Meechum v. Judy*, 4 Mo. 361.

As to the second ground it may be remarked that appellate courts may vacate judgments as opposed to the weight of the evidence in those cases where the verdict of a jury or the court sitting as a jury is so strongly opposed to all reasonable probabilities as to be the manifest result of passion or prejudice. *Adler v. Wagner*, 47 Mo. App. 25. A critical examination of the evidence does not convince us that the defendants' case is within this rule, so that the second ground of defendants' motion cannot be sustained.

And as to the third ground of the motion it is manifestly without the slightest merit.

This brings us to the consideration of the ground assigned in the order of the court for a new trial, which is that the court erred in the instructions. It is contended by defendants that the plaintiff's first instruction, which informed the jury that if they found that there was a balance due plaintiff on the note sued upon that they should find against the defendant, E. J. Davis, unless they believed from the evidence that he was under the age of twenty-one years at the time of the execution of the note, and in determining the question of his age that they might consider his testimony in relation thereto, his interest in the result of the suit and his motive, if any, for his testimony given in the case, is erroneous. In view of the statute, section 8918, and the rulings of the supreme court (*State v. Musick*, 101 Mo. 260; *State v. Strattman*, 100 Mo. 540; *State v. Brooks*, 92 Mo. 542; *State v. Jones*, 78 Mo. 278; *State v. Owens*, 78 Mo. 367; *State v. Harrod*, 102 Mo. 590), we think that the court did not err in the giving of this insruction.

In respect to the plaintiff's third instruction (no objection being urged against his second), which told

Lovell v. Davis.

the jury that they were not bound to believe the declarations of any witness on the stand because such declarations were uncontradicted; they might believe or disbelieve them as it might appear from all the facts and circumstances in evidence to be true or untrue, this instruction seems to have been asked to meet one given for defendant to the effect that the evidence was uncontradicted, that said defendant, E. J. Davis, was under the age of twenty-one years at the date of the execution of the note. The jury are the exclusive judges of the credibility of witnesses, and when they have refused to believe affirmative testimony, although uncontradicted, such testimony must be of a very clear and undoubted character, probable in itself and unattended with suspicion in order to warrant the holding that a jury is obliged to believe it and render a verdict in accordance with it. *Vojta v. Pelikan*, 15 Mo. App. 475. From this it seems to us that the instructions of the plaintiff and defendant afforded an intelligent rule for the guidance of the jury. The testimony of the defendant as to his age was, in our opinion, of not a very clear and undoubted character probable in itself, and unattended with suspicion. The jury was properly enough left to decide for itself whether it should give credence to such testimony or not.

We have been unable to discover any fatal conflict or inharmony in the instructions which justified the court in its action in granting a new trial. It results that the order of the court will be reversed with directions to reinstate the verdict and enter judgment thereon accordingly. All concur.