GEORGE K. YOUNG, Respondent, v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 17, 1893.

1. **Practice, Trial :** OBJECTIONS TO EVIDENCE. An objection to the competency of evidence as to value is not specific enough to raise the question, whether the witness is qualified to testify as an expert upon the subject.

2. **Railroads:** DAMAGES. In an action against a railway company for double damages for the killing of a bull, which was more valuable for breeding purposes than for meat, such greater value should be taken into consideration in the assessment of the damages.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Olden & Orr,* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The action is one to recover double damages for the killing of plaintiff's bull and hog by defendant's locomotive on a part of defendant's road where it was not fenced, and where it was its legal duty to fence it. There was a verdict for plaintiff for $36, and the court entered judgment thereon for double the amount. The errors assigned by the appealing defendant are that the court admitted incompetent evidence touching the value of the stock, and misdirected the jury as to the measure of damages.

The plaintiff gave evidence tending to show that the bull was a Durham bull of the maximum value of

$100, and that he had paid $35 for it; also that the hog was worth $10. The defendant gave evidence tending to show a maximum value of $30 for the bull, and $4.50 for the hog as marketable meat. Both the plaintiff's and defendant's witnesses testified that bulls have a higher value for breeding purposes than for meat. The finding of the jury, as will be seen, was far below the value placed upon the stock by the plaintiff's evidence, and but little above the highest value testified to by the defendant's witnesses. Neither the plaintiff's nor the defendant's witnesses qualified as experts.

Touching the first assignment of error the record shows that, when the plaintiff's witnesses were interrogated as to values, the questions put to them were objected to as incompetent. The objection now made is that the witnesses were not qualified to speak on the subject. Had the objection been put on that ground, the witnesses could easily have qualified by showing that they were farmers, buying and selling stock, which in fact does appear inferentially from other parts of their evidence. Value is mere matter of opinion. *Springfield & Southern Ry. Co. v. Calkins*, 90 Mo. 538, 543; *Cantling v. Railroad*, 54 Mo. 385, 391. There is no merit in plaintiff's first assignment.

Neither is the second error well assigned. Since all the evidence shows that a bull has a value for breeding purposes beyond its value for marketable meat, the court properly instructed the jury that they could take such value into consideration. Neither does the motion for new trial complain of any excess in the verdict.

There is no merit in the appeal. The judgment is affirmed, All the judges concur.