JOHN B. O'MEARA, Respondent, v. T. SWANDSON *et al.*, Appellants.

### St. Louis Court of Appeals, April 9, 1895.

1. **Practice, Appellate:** REVIEW OF ORDER AWARDING NEW TRIAL. An order awarding a new trial will be affirmed, if it can be sustained on any ground stated in it or in the motion for new trial.

2. ———: ———. In this cause judgment was rendered for a defendant, and the trial court sustained the plaintiff's motion for new trial without stating, as the statute requires, the grounds of its action. The motion for new trial urged, as one of the grounds on which it was based, that the judgment was against the weight of the evidence. *Held,* that, the evidence being sufficient to warrant a judgment against this defendant, the order awarding the new trial should be sustained.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*George E. Smith* for appellants.

*Collins & Jamison* for respondent.

BOND, J.—Plaintiff is a subcontractor, and asks judgment for the value of material furnished in the construction of certain buildings against the original contractor, and a mechanic's lien against the property. The proper parties were made defendants, and answered by a general denial. The case was submitted to the court without a jury, and a personal judgment rendered in favor of plaintiff against the original contractor for $445.10, with a denial of the lien. Thereupon plaintiff filed a motion for new trial on the following grounds:

"*First.*      Because the court excluded legal evidence.

"*Second.*      Because the court admitted illegal evidence.

"*Third.*      Because the judgment was contrary to the evidence and the weight of the evidence.

"*Fourth.*      Because the judgment should have been in favor of the plaintiff, and establishing a lien in plaintiff's favor.

"*Fifth.*      Because there should have been a judgment sustaining the mechanic's lien."

No instructions were asked or given at the instance of either party.   The court entered its order sustaining the motion for a new trial, provided plaintiff should pay all costs that had accrued, and, on April 9, 1894, entered a further order to the effect that, whereas plaintiff had paid all costs, the motion for a new trial was sustained.

It is not disputed that plaintiff furnished the material sued for, nor that the prices charged were reasonable. It is, however, contended by appellant, *first*, that plaintiff did not file his lien within four months after the last item of material was furnished; *secondly*, that no error of law was committed on the trial; wherefore the circuit court had no power to grant a new trial.

The law is well settled that, upon an appeal from an award of a new trial, it is the duty of the appellate court to examine, *first*, the reasons given by the trial court for making the order, and *secondly*, all the grounds stated in the motion for a new trial; and if the order can be sustained, either for any reason given therefor or upon any of the grounds stated in the motion for new trial, it must be affirmed.   *Gray v. Railroad*, 54 Mo. App. 666; *Lovell v. Davis*, 52 Mo. App. 342; *Baughman v. National Waterworks Co.*, 58 Mo. App. 579; *Hewitt v. Steele*, 118 Mo. 463; *Standard Milling Co. v. Transit Co.*, 122 Mo. 258.   In the present case

the trial judge violated a plain statutory duty in refrain-
ing from giving his reasons for granting the new trial.
He might have been compelled to do so by *mandamus*,
but, as that course was not pursued, we can only exam-
ine the motion for new trial to ascertain whether the
grounds therein stated, in the light of the record before
us, justified his ruling.

One of the complaints made in the motion for new
trial in this case was, that the judgment denying the
lien was contrary to the weight of the evidence. A
ruling based on this ground is not subject to review,
if sustained by any substantial evidence. It is the
province of the trial, not the appellate, court, to weigh
the evidence in granting or refusing new trials.
*Whitsett v. Ransom*, 79 Mo. 258; *Taylor v. Scherpe &
Koken Architectural Co.*, 47 Mo. App. *loc. cit.* 260. If,
therefore, the record shows that there was substantial
evidence that the last item of material was supplied by
plaintiff within the four months antecedent to the
filing of the lien herein, the action of the trial court in
granting the new trial on this discretionary ground
must be upheld, and the foregoing assignment of error
by appellants overruled. On this point the evidence
of the bookkeeper is that the account sued on was
"copied from plaintiff's books, its amounts and every-
thing," and that the last item delivered, as shown by
the books, was April 15. Another witness, who sent
out the stone from plaintiff's yard, testified that he sent
stone to defendants' houses as late as May 1 to replace
others that had been delivered before and returned
upon an objection; that the last deliveries of stone
"sawed on both sides" was about the middle of April;
that he was not positive as to dates. He also testified
that serial dray ticket 251, dated April 5, was issued
some days before dray ticket number 264; that he
thought the latter bore a date of about the middle of

April "probably the fourteenth; I think I can see that it is erased now." The evidence showed that these dray tickets were issued in duplicate with a date written in pencil on the day the stone was delivered; that one was left with the party receiving the material, and the other taken back by the teamster to plaintiff's bookkeeper, who thereupon entered the dates and deliveries thus shown on the books. Dray ticket number 264, date ——, attached to bill dated April 15, 1893, and dray ticket number 265, date 4—4, 1893, attached to same bill by pasting together, were separated during the trial by sponging. As to the latter, there was evidence tending to show that the figure "1" was partly left in front of the figure 4, so as to make the ticket read 4—14, 1893, and, therefore, within the four months next before the filing of his lien, which was August 9, 1893. Hence the court did not act arbitrarily in granting the new trial in this case, and its ruling will be affirmed and the cause remanded for further proceedings. All concur.