BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1899.

SECURITY SAVINGS .TRUST COMPANY, Appellant, v. M. S. C. DONNELL, Respondent.

81 147
89 154
81 147
s145s 431

Kansas City Court of Appeals, May 20, 1895.*

1. **Special Tax Bill:** FILING NOTICE OF SUIT: LIEN. Under the amended charter of Kansas City the lien of a special tax bill will not be continued beyond the express term of two years, unless notice of the commencement of suit is filed with the city treasurer; and the filing of such notice with the board of public works is insufficient to continue the lien, although the tax bill was issued before the amended charter.

2. **Legislative Power:** ALTERING REMEDY: PRESERVING WRIT. In modes of proceeding and of forms to enforce a contract, the legislature has control and may enlarge, lighten, or alter them, provided it does not deny a remedy or so embarrass it as seriously to impair the value of the right.

*This case reached the reporter January 23, 1900.. See same case, 145 Mo. 431.

Appeal from the Jackson Circuit Court.—*Hon. J. W. Henry,*
Judge.

AFFIRMED.

*Cook & Gossett* for appellant.

(1)   The sections, 16, 17 and 18, of the charter adopted
February 27, 1892, were not amendments of the old sections
of these numbers.   The old sections, 16, 17 and 18,
were stricken out bodily and the new inserted in lieu
thereof.   Hence the new sections were not amendments
of the former sections and could not apply to bills issued
under them, which bills were complete in all things as to
their issuance and records prior to the adoption of the new
sections.   (2)   The language of the new sections shows con-
clusively that their provisions (including that relative to filing
notice of suit) are to apply only to special tax bills thereafter
issued.   A law is never construed as retroactive unless by its
terms it is plainly made so; and in this case, by the nature of
its provisions, it plainly was not intended to be so.   Endlich
on Interpretation of Statutes, p. 271; Murray v. Gibson, 15
Howard 421; State ex rel. v. Auditor, 41 Mo. 25; State ex
rel. v. Greer, 78 Mo. 188; Sec. 15, art. 2, Const. Mo.   (3)
But these sections are not merely a change in the remedy.   It
would change the terms of the contract.   Provisions as to
enforcing it, not mere matters of procedure or practice, are
a part of the contract and can not be changed.   Maloney v.
Fortune, 14 Ia. 417; Robinson v. McGee, 9 Cal. 31; Bixby
v. Bailey, 11 Kan. 359; Howard v. Bugbee, 24 Howard 461.

*Botsford & Williams* and *Geo. F. Ballingal* for respond-
ent.

(1)   The amendment is not in any sense retroactive, but
relates to the future conduct of the holder of the tax bill in
order to extend and preserve his lien, which otherwise would,

by the express provision of the charter, wholly cease to exist.
Plum v. Fon du Lac, 51 Wis. 393, 396, and cases cited; Gage
v. Stewart, 127 Ill. 207; s. c., 11 Am. St. Rep. 116; Oulla-
han v. Sweeney, 79 Cal. 537; s. c., 12 Am. St. Rep. 172;
Curtis v. Whitney, 13 Wall (U. S.) 68; Vance v. Vance, 108
U. S. 514, and cases cited; Coulter v. Stafford, 56 Fed. Rep.
564 (6 C. C. A. 18); Bank v. Dudley, 2 Pet. (U. S.) 523;
Bronson v. Kinzie, 1 How. (U. S.) 311; Sturges v. Crowin-
shield, 4 Wheat. 200; Ogden v. Saunders, 12 Wheat. (U. S.)
213; Tennessee v. Sneed, 96 U. S. 69-74; Wheeler v. Jack-
son, 137 U. S. 245-258. (2) "As a general rule, every
state has complete control over the remedies which it gives
to suitors in its courts. It may abolish one class of courts
and create another. It may give a new and additional rem-
edy for a right already in existence. And it may abolish old
remedies and substitute new." And see generally to the
same effect: Bolton v. Lansdown, 21 Mo. 399; Porter v.
Mariner, 50 Mo. 364; Henschall v. Schmidt, 50 Mo. 454;
Coe v. Ritter, 86 Mo. 277; State ex rel. v. Hager, 91 Mo.
452; State v. Jackson, 105 Mo. 196; Ins. Co. v. Hill, 86 Mo.
467; 3 Am. and Eng. Ency. of Law, p. 753, and cases cited;
Simpson v. Bank, 56 N. H. 466; State ex rel. v. County Court,
34 Mo. 546; State ex rel. v. Railway, 9 Mo. App. 532; Lovell
v. Davis, 52 Mo. App. 342-347.

GILL, J.—This is an action to enforce a tax bill, issued
August 1, 1890, for the construction of a sidewalk in front
of defendant's lot in Kansas City. The suit was commenced
August 1, 1892. The circuit court held the tax bill non-
enforcible, because tho plaintiff failed to file the notice of
suit with the city treasurer, as required by amended section
18, article 9, of the city charter; and from a judgment in
defendant's favor, plaintiff appealed.

At the date of the issue of the tax bill, the Kansas City
charter provided that it should be a lien on the property
charged therewith for two years thereafter and no longer,

unless suit was brought within that time, and in that event the lien should continue till the termination of such suit, provided, however, that the plaintiff, within thirty days after the end of the two years, file a written statement with the board of public works, showing the tax bill sued on, and when, in what court, and against whom such suit had been brought. It was made the duty of the board of public works to note this information on its tax registry, and it was further provided that if said plaintiff fails to file such notice within the time required, then there could be no judgment enforcing a lien against the property sought to be charged.

In February, 1892, and about five months before this action was commenced, the foregoing section of the charter was amended so as to provide that said written statement, or notice of suit, must, within ten days after commencement of suit, be filed in the office of the city treasurer, in place of the office of the board of public works, as it had been theretofore, and a like duty was imposed on the city treasurer to note the same on his special tax record.

The plaintiff did not, at any time after the beginning of this action, deposit a written notice in the office of the city treasurer, as required by the amended section then in force, but filed such statement in the office of the board of public works.

1.    From the foregoing brief statement of the case, the sole question will appear to be, whether plaintiff lost its right to enforce the tax bill by a failure to file notice of suit with the city treasurer, as was in terms then required by the city charter; or if it was sufficient to file such notice with the board of public works, which was the proper place under the charter, as it existed at the time the tax bill was issued. The trial court held that it was the duty of the plaintiff to pursue the the charter as it existed when the suit was brought, and not as it was when the tax bill was issued. In this we think the court was clearly correct. The notice of suit was merely

a feature of the remedy for the enforcement of a right; and this it was proper to change at any time, even after the right accrued. Such changes in the method of enforcing a cause of action apply to those already accrued, as well as to those originating in the future. The following authorities are in point: Curtis v. Whitney, 13 Wall. 68; Tennessee v. Sneed, 96 U. S. 69; Moore v. Mansert, 49 N. Y. 332; Oullahan v. Sweeney, 79 Cal. 537; Gage v. Stewart, 127 Ill. 207; Plum v. City of Fon du Lac, 51 Wis. 393; Ins. Co. v. Hill, 86 Mo. 466; State v. Jackson, 105 Mo. 199; 23 Am. and Eng. Ency. of Law, 450, and cases cited.

2. As well expressed by the supreme court of the United States in Tennessee v. Sneed, *supra*, the rule is "that in modes of proceeding and of forms to enforce the contract, the legislature has control, and may enlarge, limit, or alter them; provided that it does not deny a remedy, or so embarrass it with conditions or restrictions as seriously to impair the value of the right."

It was manifestly the purpose of the people in adopting the amendments of February 1892, to do away with the filing of notice of suit in the office of the board of public works, and to provide that in the future, such notices should be lodged and recorded in the office of the city treasurer. This requirement was made applicable to suits brought on tax bills then in existence, as well as to future issues. This appears from a reading of the new sections and is too plain for serious argument.

With all due respect to the learned counsel who argued and briefed the case, on the part of the plaintiff, we must say that we fail to discover in their argument any valid objection to the judgment below and it will therefore be affirmed. All concur.