J. Edgar Guinotte, Trustee, Appellant, v. John C. Egelhoff, Respondent.

Kansas City Court of Appeals, January 6, 1896.

1. **Appellate Practice**: TRIAL BEFORE THE COURT: NO INSTRUCTIONS. Where there is a trial before the court without instructions, the appellate court should uphold the judgment if it can be done on any theory of law.

2. ———: EVIDENCE: OBJECTION TO INTRODUCTION. An objection to the introduction of the city engineer's bid book and an advertisement for bids is considered and *held* to apply only to the advertisement.

3. ———: ———: ———. An objection to the introduction of evidence on the ground that it is immaterial and incompetent is so general that nothing is saved for review by the revisory court, except where such objection is self-apparent.

4. Special Tax Bill: KANSAS CITY: LETTING WITHOUT ADVERTISEMENT. A letting for the construction of certain sidewalks was duly advertised and two bids were received. The contract was awarded to one of the bidders who failed to enter into the contract. Some month afterward said engineer, without a readvertisement, let the contract to the other bidder but at different and distinct prices from those contained in his bid. *Held*, the contract was let in disregard to the plain requirements of the charter and ordinances of the city, and the tax bills issued for the performance of the contract were void.

5. ———: STRICT PROCEEDING. Proceedings to compel owners to pay for improvements in front of their property are *in invitum*, and strict performance of all conditions is necessary to fasten a lien on the property of the citizen.

6. ———: UNLAWFUL LETTING: ESTOPPEL. The defendant in this suit is not estopped to set up the unlawful letting of the contract, since he objected to the tearing up of his sidewalk and the putting down of a new one and was assured by the engineer that the conditions of the ordinance had been complied with; nor was the defendant in a similar action under the same contract who objected to the city engineer and was assured that he would not have to pay for it as it was done without engineer's instructions.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Beebe & Watson* for appellant.

(1) The plaintiff in this action made a *prima facie* case by proving the making and issue of tax bills sued on, giving the date and contents thereof, and assignment, and that defendants were the owners of the land sought to be charged. *Guinotte v. Ridge*, 46 Mo. App. 254. (2) This entitled plaintiff to a verdict, unless overcome by defendant. *Smith v. Barnes*, 106 Mo. 94. No notice was given the contractor of the

alleged acceptance by said city engineer of defendant's sidewalk. The defendant stood by and saw the work done and made no claim to the contractor that the city engineer had accepted his sidewalks. Defendant is now estopped to make such a defense. *Gibson v. Owens*, 115 Mo. 259; *Johnson v. Duer*, 115 Mo. 366. The acceptance should have been in writing, and notice brought home to the contractor of such acceptance. There was no competent evidence that the contract was fraudulently let to J. H. Bingham, and the declarations of J. H. Bingham, made after the work was done and assignment made, were incompetent as against any other person, and in admitting such declarations the court erred. *Sparks v. Brown et al.*, 46 Mo. App. 529, and cases cited. (3) The defense that said contract was not let to the lowest and best bidder can not be maintained, because there was no competent evidence in the case showing that fact. The only evidence offered by defendant was the alleged bid book of city engineer's office. This evidence was admitted over the objection of plaintiff. There was no law or ordinance introduced requiring such a record to be kept or making same evidence; hence, it was mere hearsay and should have been excluded, because it is too late after a contract and bond have been approved and confirmed by the common council and the work has been done thereunder, to object that the contract was not let to the lowest bidder. *Johnson v. Duer*, 115 Mo. 365.

*Warner, Dean, Gibson & McLeod* for respondents.

(1) "It is the well settled law in this state that proceedings by municipal corporations to compel the owners of land abutting on a street or alley to pay for improvements in front of their property are *in invitum*.

and a strict performance of all conditions imposed is necessary in order to fasten a charge or lien on the property of the citizen. *Fruin v. Geist*, 37 Mo. App. 512, 513; *Rose v. Trestrail*, 62 Mo. App. 355; *Westport v. Mastin*, 62 Mo. App. 654; *City of St. Joseph ex rel. v. Landis*, 54 Mo. App. 322; *City to use v. Eddy*, 123 Mo. 557, 558; *St. Louis v. Telephone Co.*, 96 Mo. 623; *Ruggles v. Collier*, 43 Mo. 353; *St. Louis v. Clemens*, 43 Mo. 395; *Stewart v. Clinton*, 79 Mo. 603; *Saxton v. St. Joseph*, 60 Mo. 153; *Thompson v. Boonville*, 51 Mo. 282. (2) The work was awarded to Tisdale, yet the contract was made with Bingham, and that, too, at an arbitrary price, a figure not named in either bid. We say the engineer can not fix and name an arbitrary price for such work. He must accept some bid and make his contract accordingly, but he can not himself fix the price. Such action would render nugatory the salutary provisions of the charter and ordinances for doing such work. Sec. 18, ch. 31, Rev. Ord. 1880, p. 74, of printed record; sec. 12, ch. 31, Rev. Ord. 1880, p. 73, of printed record. A valid advertisement could no more be dispensed with in this case under the idea that the ordinance commanding it is merely directory than could a valid election be dispensed with on the same ground in the case of *City and County of St. Louis v. Alexander*, 23 Mo. 483; *Keane v. Cushing*, 15 Mo. App. 101; *Rose v. Trestrail*, 62 Mo. App. 358; *Clapton v. Taylor*, 49 Mo. App. 126.

SMITH, P. J.—This is a suit on a tax bill, issued against plaintiff's property, for the construction of a first-class sidewalk, under the provisions of an ordinance of the city of Kansas, numbered 31347. There was a trial before the court, without the intervention of a jury, which resulted in a verdict for the defendant, from which plaintiff has appealed. As there were

no instructions asked or given, it is our duty to uphold the judgment, if it can be done on any theory of law applicable to the facts which the evidence in the case conduces to establish.

Among other defenses interposed by the defendant's answer, it was pleaded, that, at the time of the passage and approval of the ordinance, number 31347, mentioned in the plaintiff's petition, and at the time of letting the contract to one J. H. Bingham, and at the time of the doing of the work and the issuing of the tax bill mentioned in said petition, *it was provided by the charter of the city of Kansas that all city improvements of whatever kind or character should be let by contract to the lowest and best bidder and as should be prescribed by ordinance;* that at said time, by the ordinance of said city, it was provided (chap. 31 of Ordinance number 19231):

"Sec. 12. When any ordinance shall provide for the doing of any work mentioned in the first section of Article 8 of the city charter, the city engineer shall, as soon as practicable thereafter, make out the necessary plans and specifications, which shall, in cases where a contract must be let to the lowest and best bidder, prescribe a time within which the work shall be finished, and the amount of security to be given by the contractor for the performance of the work. As soon as practicable thereafter, and after taking other requisite prelimary steps, in case the contract is to be let to the lowest and best bidder, the city engineer shall cause to be published for ten consecutive days, within the twenty days next preceding the time for opening bids, in the newspaper doing the city printing, or, if there be none, in such daily newspaper published in the city, as he may select, a notice of the letting of the contract for such work to the lowest and best bidder. Such notices shall state generally the nature of the work to be done,

where the plans and specifications thereof may be seen, and the day when bids will be opened.''

\*     \*     \*     \*     \*     \*

''Sec. 18.   If the party whose bid is accepted fail to enter into contract, as aforesaid, when thereto re-quired by the city engineer, the latter shall at once deliver the bond accompanying the bid, to the city counselor for collection by suit, and the money, when collected, shall be paid into the city treasury, to the credit of the general fund.   The city engineer may then accept the bid of the next lowest and best bidder, who shall thereupon enter into a contract, as aforesaid, or he may advertise for new proposals, as in his judgment may be for the best interests of the city.''

That in pursuance of said ordinances, the city engineer of said city advertised that he would, up to the seventh day of December, 1885, at 12 o'clock noon, receive sealed proposals for doing the work and furnishing the materials mentioned in said ordinance number 31347 and in plaintiff's petition.   That thereupon said J. H. Bingham and one J. F. Tisdale submitted sealed proposals for the doing of said work and the furnishing of said materials, and were the only bidders therefor.   The said J. H. Bingham bid the sum of fifty-nine and one-half cents per square foot for the stone in said sidewalk, $1.08 per square foot for lights or grating in said sidewalk; and said J. F. Tisdale bid the sum of sixty-one cents per square foot for the stone in said sidewalk, if the same should be made of Ft. Scott stone, and the sum of sixty-five cents per square foot for the stone in said sidewalk, if the same should be made of Colorado sandstone, and $1.98 per square foot for the lights or gratings in said sidewalk.   That thereupon, to wit, on said seventh day of December, 1885, the contract for doing said work was awarded by said engineer to said Tisdale, the same to be made of Colorado

sandstone. That thereafter said Tisdale failed to enter into a contract for doing said work, as required by the ordinance of said city. That thereupon, without any new advertisement for bids, and without affording any opportunity for competition in bidding for said work, and without any other or further bids therefor, the contract for doing said work and furnishing said materials was illegally and wrongfully let to said Bingham, at and for the price and sum of fifty-five cents per square foot for stone, and $1.95 per square foot for lights or gratings. That by reason of the premises, said contract with said Bingham was, and is, illegal and null and void, and the tax bills issued under said contract, including the tax bill herein sued on, are null and void, etc.

It appears from the evidence presented by the abstract of the record before us, that very shortly after the passage and approval of said ordinance number 31347, providing for the construction of said sidewalk, the city engineer gave notice, as required by the provisions of section 12 of said ordinance 19231, that sealed proposals for the furnishing of all materials and doing all the work necessary to complete the said work required by said ordinance, would be received. It further appeared from the bid book of the city engineer's office, that two bids were submitted to the city engineer, one by J. H. Bingham, who proposed to put down a "first-class stone walk," at the place required by the ordinance, at fifty-nine and a half cents per square foot, and lights at $1.08 per square foot; and the other by J. F. Tisdale, who proposed to construct said sidewalk of Colorado stone at sixty-five cents per square foot, or of Ft. Scott stone at sixty-one cents per square foot and lights at $1.98 per square foot.

It further appears from said engineer's bid book, that the bid of said Tisdale was accepted. It inferentially

appears that the said Tisdale, whose bid had been accepted, for some reason failed to enter into the contract with the city, for the performance of the work, as required by section 17 of said ordinance 19231. It does not appear that after the failure of Tisdale to enter into said contract with the city, the city engineer advertised for new proposals, or that he accepted the bid of the next lowest and best bidder, but, instead of pursuing the one or the other of these alternative courses, accordingly as might in his judgment be for the best interest of the city, after about a month's delay he let the contract to said Bingham at fifty-five cents per square foot for the stone work and $1.95 per square foot for bull's eye grating. The sidewalk was thereafter constructed under this contract and the tax bills issued therefor.

Before proceeding further, we may as well notice the objection of the plaintiff, that the trial court erred in permitting the defendant to introduce in evidence the bid book of the city engineer's office. The record shows that the defendant offered in evidence "the bid book of the city engineer's office from 1883 to 1885, inclusive, showing the awarding of the contract to J. F. Tisdale, together with the advertisement attached." Thereupon, the plaintiff's counsel said to the court: "We object to the *latter*, as incompetent and immaterial." The court overruled the objection so interposed, and to which ruling the plaintiff's counsel excepted. The plaintiff contends that his objection went to the admissibility of the bid book of the engineer's office. This contention can not be sustained. It is quite clear from the very language of the objection itself, that it was aimed at the advertisement and not at the bid book. The offer of defendant embraced the *bid book* and the *advertisement*, and it was to the introduction of the latter of these that the plaintiff objected. But

whether the objection was intended to apply to the bid
book and the advertisement, or alone to the former, is
unimportant; since, owing to the language in which it
is couched, it is invalid, and the exception to the action
of the court in overruling it preserved nothing which
we can review.

It is now a well settled rule of appellate practice in
this state, that an objection to the introduction of evi-
dence, on the ground that it is immaterial and incom-
petent, is so general that nothing is saved which can be
made the subject of review by the revisory court,
except in those cases where such objection is self-
apparent.  A party will not be permitted to interpose
a general objection to the introduction of evidence in
the trial court, and when the cause reaches the appellate
court there suggest for the first time specific objections
to such evidence, for the reason that it is unfair alike
to the trial court and the adverse party.  And, besides
this, it may well be that if a specific objection had been
called to the attention of the court, the other party
would, and could, have obviated.  *Churchman v. Kan-
sas City*, 49 Mo. App. 369; *Clark v. Loan Co.*, 46 Mo.
App. 250; *Glenville v. Railroad Co.*, 51 Mo. App. 631;
*Young v. Railroad*, 52 Mo. App. 531; *Western v. Flan-
agan*, 120 Mo. 64.  It is probable that the defendant in
the present case could have shown that by the ordi-
nances of the city, the city engineer was required to
keep in his office a bid book, or record, containing such
entries as those read from that introduced in evidence
by defendants.  And it may have been, too, that the
defendant could have shown that the book offered
by him was that kept by the city engineer at the time
the bids were received and the contract awarded for
the construction of the sidewalk in question.  We must,
therefore, rule that the plaintiff's objections are untena-
ble, and that the trial court did not err in permitting

the introduction in evidence by the defendant of the bid book and the advertisement.

This brings us to the consideration of the question, as to what effect, if any, the arbitrary action of the city engineer in letting the contract, not to the next lowest bidder, and without advertising for new proposals, had on the validity of the tax bills issued for the performance of the work under the contract so let. It is true that Bingham was the next lowest bidder, but it is manifest, from the terms of the contract, that it was not awarded to him on his bid. If the prices named in the bid and the contract were the same, the presumption would be indulged that the latter was awarded on the former; but since the prices named in the one are entirely different from those in the other, this presumption does not arise. It is clear, therefore, that the engineer, in letting the contract, departed from the mode and manner expressly prescribed by the ordinance of the city hereinbefore quoted. If the engineer deemed it for the best interest of the city not to let the contract to the next lowest and best bidder,. the ordinance required him to advertise for new proposals to do the work. This requirement was not merely directory, but mandatory. Notice of the letting of contracts for public work, the cost of which is to constitute a charge, or lien on the property, is a matter which necessarily affects the substantial rights of the owner of the property. As said by Mr. Justice ELLISON, in *Galbreath v. Newton*, 30 Mo. App. 394: "Notice of the letting of public work, or improvements, is for the purpose of competition and for safety against the occasional cupidity of public servants as well; I might add, as for affording all an equal opportunity to obtain the employment the work affords. It is, and has been, found to be one of the means of security to the public and justice to the individual."

An advertisement for new bids in substantial conformity to the requirements of the ordinance, was a condition precedent to the letting of the contract. *Kean v. Cushing*, 15 Mo. App. 101; *Rose v. Trestrail*, 62 Mo. App. 352; *Clapton v. Taylor*, 49 Mo. App. 126; *Galbreath v. Newton, ante; French v. Wallace*, 13 Wall. 506. He could have as well let the contract in the first instance, without any advertisement whatever for bids. If, after the acceptance of Tisdale's bid and his refusal to enter into a contract to do the work, the engineer did not accept the next lowest and best bid (as he did not) the matter of the letting of the contract stood precisely as if there had never been an advertisement for bids, or any bid received and accepted. Every step that had been taken in that direction by the engineer, after the passage of the ordinance, was as if the same had not been taken. The private letting to Bingham was, therefore, in utter disregard of the express requirement of the charter and the ordinance passed in conformity thereto.

The law has been long settled in this state, that proceedings by municipal corporations to compel the owners of land abutting on a street or alley to pay for improvements in front of their property, are *in invitum*, and a strict performance of all the conditions imposed is necessary, in order to fasten a charge or lien on the property of the citizen. Such power is founded, not in any absolute or preexistent right, but rests exclusively in an adherence to the method prescribed by ordinance in pursuance of the authority contained in the charter. Such corporations are the creatures of the law, established for special purposes, and their acts must not only be authorized by their charters, but these acts must be performed by such officers and agents in such manner as the charter and the ordinances passed in pursuance thereof direct. *Rose v. Trestrail, ante; Westport v.*

*Mastin*, 62 Mo. App. 654; *St. Joseph v. Landis*, 54 Mo. App. 322; *Fruin v. Geist*, 37 Mo. App. 512; *Reilly v. Oppenheimer*, 55 Mo. 374; *Nevada v. Eddy*, 123 Mo. 546; *St. Louis v. Telephone Co.*, 96 Mo. 623; *Ruggles v. Collier*, 43 Mo. 353; *St. Louis v. Clemens*, 43 Mo. 395; *Stewart v. Clinton*, 79 Mo. 603; *Saxton v. St. Joseph*, 60 Mo. 153; *Thompson v. Boonville*, 51 Mo. 282. Our conclusion, therefore, is, that the private letting of the contract by the city engineer was in disregard of the plain requirements of the charter and the ordinance passed in pursuance thereof, and that the legal effect of this was fatal to the validity of the contract and the tax bill issued for the performance of the work thereunder.

Nor do we think that it is an answer to this objection to say that the plaintiff stood by and let the contractor perform the work without making an objection thereto, for the reason that the defendant, on discovering that his sidewalk had been torn up, not only objected to the agent of the contractor in charge of the work, to what had been done, but to his putting down a new sidewalk; and the defendant's objections were not heeded by the contractor.

Not only this, but there is evidence tending to show that the defendant was assured by the city engineer that his sidewalk complied with the conditions of said ordinance 31347 and that he would accordingly accept the same, as he was authorized to do under the third section of said ordinance.

As the record shows that with this suit was tried that of the same plaintiff against defendant Soden, it is proper to say that all the foregoing observations, except those made in the first of the last two preceding paragraphs, are alike applicable to both cases. The evidence further discloses that when the defendant, Soden, heard that his sidewalk had been torn up, he

went to see the city engineer in relation to it and that that officer informed him that if his sidewalk had been torn up to put down anything else, he (defendant Soden) would not have to pay for it, as it was' done without his instructions. It is, therefore, to be seen that upon no principle of right ought the defendants, or either of them, be held to be estopped to question the regularity and validity of the proceeding of the engineer, in the matter of the private letting of the contract for making the improvement for which the tax bills in suit were issued.

In the able and elaborate briefs with which we have been favored by counsel, the validity of ordinance 31347 has been much discussed, but, as to that, we express no opinion, since, in the view which we have taken of the case, it becomes unnecessary for us to do so.

It results that the judgment must be affirmed. All concur.