A. L. WEST, Appellant, v. JAMES B. PORTER, Respondent.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Taxbills:** KANSAS CITY CHARTER: NOTICE OF SUIT: ERROR IN TIME. Under the charter of Kansas City to extend the lien of a taxbill beyond two years, not only must suit be brought, but also a written statement must be filed with the city treasurer showing the taxbills sued on and when and in what court and against whom suit has been brought; and a statement averring a suit commenced on the fourteenth of a month, when in fact, it was begun on the twenty-first, is fatally defective and does not extend the lien.

2. ———: IN INVITUM PROCEEDING: FOLLOWING STATUTE. Proceedings to compel owners of land abutting on a street, to pay for improvements in front thereof are *in invitum;* and a strict performance of all the conditions imposed by the law is necessary to fasten the lien.

West v. Porter.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The notice required to be filed with the city treasurer (Charter and revised ordinances, Kansas City, sec. 18, art. 9, page 152), is not jurisdictional, but is directory merely, and a substantial compliance with the requirement of the charter in that respect is sufficient. Sears v. Burnham, 17 N. Y. 448; State ex rel. Hamilton v. Railroad, 113 Mo. 297; Sedg. on Constr. of Statutory and Constitutional Law, pp. 316, 317, 318; Dwarris on Statutes, pp. 608, 611; Beck v. Allen, 58 Miss. 156; Counties v. Railroad, 65 Ala. 394; Pand v. Negus, 3 Mass. 230; Williams v. School District, 21 Pick. (Mass.) 75; City of St. Joseph v. Anthony, 30 Mo. 538; Sheehan v. Owen, 82 Mo. 458; Cole v. Skrainka, 105 Mo. 303, loc. cit. 309.

*Rozzelle & Walsh* for respondent.

(1) Proceedings to compel owners to pay for improvements in front of their property are *in invitum,* and strict performance of all conditions is necessary to fasten a lien upon the property of the citizen." Guinotte v. Egelhoff, 64 Mo. App. 356; Leach v. Cargill, 60 Mo. 316; Const. Co. v. Geist, 37 Mo. App. 509, and cases there cited. (2) No notice was filed showing "when" this suit was brought, and the lien is dead. Menefee v. Bell, 62 Mo. App. 659, loc. cit. 664; Trust Co. v. Donnell, 81 Mo. App. 147; Smith v. Barrett, 41 Mo. App. 460, loc. cit. 468; Jaicks v. Sullivan, 128 Mo. 177, loc. cit. 183.

ELLISON, J.—This is an action on a special taxbill. The judgment in the trial court was for defendant. It appears that in giving the written notice of this suit, which was begun before a justice of the peace, plaintiff stated therein that the suit was begun on the fourteenth of September, 1898, when it was in fact begun on the twenty-first day of that month and year. The trial court held in support of defendant's contention, that the notice was insufficient and that no lien could be enforced against defendant's land.

A written notice of this suit is directed by the charter of Kansas City. The following is that part of that law applicable: "* * * * Every special taxbill issued under the provisions of this article shall be a lien upon the land described therein, upon the date of the receipt to the board of public works therefor, and such lien shall continue for two years thereafter, but no longer, except as in this article otherwise provided, unless suit shall be brought to collect the same within two years from the issue thereof, in which case the lien shall continue until the determination of the legal proceedings to collect the same, including any sale of the property charged; provided, however, that if such suit shall be brought within the two years, the plaintiff or plaintiffs therein shall, at the time, or within ten days after the commencement of suit, and not later than thirty days after the end of the two years, in person or by attorney or agent, file in the office of the city treasurer, a written statement showing the taxbills sued on, and when and in what court, and against whom the said suit has been brought. The city treasurer shall, immediately after the filing of any such statement, note on the record of such taxbill the time of filing of such statement and the substance of the same. If the plaintiff or plaintiffs in such suit shall fail to file such statement within the time above limited, the land described in the taxbill sued on shall be free from the lien of

the taxbill and of any judgment in such suit, no matter when rendered, and shall not be sold in satisfaction of any such judgment." * * * Sec. 18, art. 9, Charter of Kansas City.

It will be observed that the lien of a special taxbill is preserved for two years and "no longer," unless suit shall be brought within the two years, and that even though the suit is brought within the two years, such action on the part of the holder of the bill will not have the effect to prolong the life of the lien beyond the two years, unless the holder shall at the time, or within ten days after bringing the suit, file with the city treasurer a written statement showing the taxbills sued on, and *when* and in what court, and against whom the suit has been brought. Unless the statement or notice is so filed the charter, in affirmative terms, declares that the land described in the bill shall be freed from the lien and can not be sold to enforce such lien. The lien has a certain length of life which may be prolonged by doing specific things. If these things are not done the time is not extended.

In this case, plaintiff's notice stated that he had begun suit on the fourteenth when in fact he begun it on the twenty-first of September. This was not a compliance with the charter. A misstatement of the time is as material in the eye of the charter, as a misstatement of the court, or the party defendant. The positive affirmative terms of this charter make plaintiff's authorities inapplicable.

It must be borne in mind that cases of this nature involve the fundamental law that property can not be taken from a man without his consent except by a strict adherence to the terms of the law which authorizes it: "The law has been long settled in this State, that proceedings by municipal corporations to compel the owners of land abutting on a street or .alley to pay for improvements in front of their property, are *in invitum,* and a strict performance of all the conditions

imposed is necessary, in order to fasten a charge or lien on the property of the citizen." Guinotte v. Egelhoff, 64 Mo. App. 356. And so we held in a case applicable here, and involving the same charter provision, that where the taxbill holder filed his notice of suit with the board of public works (which was the proper place as the charter existed when the bill was issued) instead of filing it with the city treasurer (which was the place provided by the amended charter at time the suit was brought) he lost his lien and right to enforce the bill against the owner of the property charged. Surety Trust Co. v. Donnell, 81 Mo. App. 147. See also Smith v. Barrett, 41 Mo. App. 460.

In the view here taken it is unnecesary to consider the second proposition advanced by defendant.

The judgment is affirmed. All concur.